## FOSTER & COLE V. RUSS.

1. PROMISSORY NOTE: RELEASE OF INDORSER. The release of an indorser of a promissory note does not discharge the maker.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 16.

THE facts are stated in the opinion of the court.

*Poor, Adams & Cram* for the appellant.

*H. S. Jennings* for the appellee.

LOWE, J. — Plaintiff sues defendant on the following note.

"$314.54         *Lowell, July 3d*, 1856.

"Four months after date, we promise to pay to the order

of Foster & Cole $314.54 dollars, value received, payable at any bank in Lowell.

"JOHN RUSS."

Indorsed, "Waiving demurrer and notice."

"Nov. 18, 1856. Received of C. B. Russ, seventy-eight dollars and sixty-four cents, for which we agree to discharge him as an indorser on this note."

The defense set up by the defendant was that the note sued upon was executed jointly by the defendant and one C. B. Russ, and that on the 18th of November, 1856, in the consideration of the payment of $78.64 by said C. B. Russ, said plaintiffs discharged him, the said C. B. Russ, and thereby also discharged defendant.

Plaintiffs' replication denied that said note was executed jointly by defendant, John Russ and C. B. Russ, and denied that said plaintiffs discharged the defendant, as alleged in said answer.

On the trial of this cause, the note with the above indorsements was all the evidence offered in the court before whom the above issue was tried. It is clear the allegation that John and C. B. Russ were joint makers of the note is not sustained, but, on the other hand, that their relation to the instrument sued was that of maker and indorser; nevertheless, the court held, upon the facts above stated, that the release of the indorser for the consideration of the payment of seventy-eight and $\frac{64}{100}$ dollars, had the effect in law to discharge the maker. The plaintiffs, in their appeal, protest against the soundness of this ruling, and seek a correction of the same. The counsel for appellee claims, that under the statutes of this state, the maker and indorser of the same instrument are jointly and severally liable, and, therefore, come within the rule laid down in 1 Parsons on Contracts, 27, to the effect that "if two or more are jointly bound, or jointly and severally bound, and the obligee releases to one of them, all are discharged." But it must be remembered

that this joint and several liability is indivisible and uncondi-
tional, constituting a whole, and belonging alike to all (in such
a sense that the law will raise an implied authority to act for
each other), and not merely connected in some obligation or
interest which is common to all only upon some given con-
tingency, as in the case of an indorser, whose liability is
conditional, and of a nature quite distinct from what it
would be if he had united as one of the makers of the
instrument. Hence we have been unable to find a single
reported case where the release of an indorser operated to
discharge the maker of a promissory note. But, on the
other hand, it is expressly held in the case of *The Commer-
cial Bank* v. *Cunningham*, 24 Pick., 275, that the receiving
part payment from the indorser, and releasing him, cannot
and does not have the effect to discharge the principal
debtor from the balance due, and this ruling is in harmony
with the elementary principle which we have just stated.
It may not be inappropriate, however, to state that the
same authority holds that a release to the principal pro-
misor is equivalent to the payment of the debt, and conse-
quently discharges the indorser. The reason of this is
obvious, from the legal relations of the parties.

Reversed and the cause remanded.

Reversed.