## APPEAL OF MICHAEL R. KEIPER.

[ESTATE OF JOHN KEIPER.]

FROM THE DECREE OF THE ORPHANS' COURT FOR PHILADEL-
PHIA COUNTY.

Argued January 29, 1889—Decided February 11, 1889.

(a) A testator bequeathed a legacy of $1,000 in trust "to be used only toward the erection of a Reformed Church at Elizabethville, and shall not be paid by the said trustee until he is perfectly satisfied that no debts of any kind whatever rest on said church property, or until said amount with accrued interest would place the church entirely out of debt."

(b) The erection of the church at the place designated was in contemplation at the date of the will; it was begun and completed in the lifetime of the testator who himself paid $723 towards its erection, and at the adjudication of the account of his executors it was shown that there was still an outstanding building debt of $144, the most of which had been assumed by members.

1. In such case, the legacy was not adeemed on the ground claimed, that the contributions made by the testator during his lifetime towards the erection of the church should be taken as intended to be in lieu of the legacy, or on the ground that, as the sole object for which the legacy was given was the erection of the church, it could not be applied to any other purpose.

2. Nor was the legacy adeemed pro tanto, as the language of the will made it plain that the testator contemplated and desired that the church

building should be erected and free from debt when his legacy should be paid, authorizing his trustee to apply it to the building debt, only on condition that it would extinguish the whole of it.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 25 January Term 1889, Sup. Ct.; court below, No. 440 January Term 1888, O. C.

On April 4, 1888, the account of Daniel Young et al., executors of the will of John Keiper, deceased, was called for audit, and on the hearing a contention arose between M. R. Keiper, the residuary legatee, and Salems Reform Church, of Elizabethville, Dauphin Co., upon the following facts:

John Keiper, the testator, died July 4, 1887, unmarried and without issue, having made a last will dated July 23, 1878, duly admitted to probate, which contained among others the provisions following:

"7. I give and bequeath to James Miller, Esq., of Elizabethville, Dauphin County, Penna., the sum of one thousand dollars in trust, safely to invest the same at interest, this amount and what interest may accrue thereon to be used only towards the erection of a Reformed Church in the United States, at Elizabethville, Dauphin County, Penna., and shall not be paid by the said James Miller, Esq., until he is perfectly satisfied that no debts of any kind whatever rest on said church property, or until said amount with accrued interest would place the church entirely out of debt.

"8. All the rest and residue of my estate, real, personal and mixed, of which I shall die seised and possessed, or to which I shall be entitled at my decease, I give, devise and bequeath to my said brother, M. R. Keiper."

In 1884, when the congregation was about to build the church, the testator subscribed $500 and stated at the time that he had made a will and had bequeathed $1,000 toward the church. He made another subscription afterward and in his lifetime had paid in all $723, which was applied to the building, not including chandeliers and lamps he supplied. It was a rule of the society that no church building should be dedicated until the debt contracted in its erection was paid, but it was shown that when the church was dedicated, in the

fall of 1884, there was an unpaid debt of about $144, the most of which however had been assumed by members of the church and treated as paid. A short time before his death, the testator, in a conversation relating to the cost of building the church, said, " With what is back, I have given my share." The executors offered to pay to the church the difference between $723 and $1,000.

The auditing judge, HANNA, P. J., citing Monck v. Monck, 1 Ball & B. 298; Debeze v. Mann, 2 Bro. C. C. 166; Robinson v. Whitley, 9 Ves. 577; Roome v. Roome, 3 Atk. 181: Parkhurst v. Howell, 6 Ch. Div. 136; Swoope's App., 27 Pa. 58; Garrett's App., 15 Pa. 212; Miner v. Atherton, 35 Pa. 528; Gill's Est., 1 Pars. 139; Clarke's Est., 82 Pa. 528; 1 Redf. on Wills, 379, awarded the legacy to James Miller, trustee, etc.

M. R. Keiper, residuary legatee excepted to the adjudication, alleging error in awarding the sum of $1,000 to James Miller, trustee. This exception having been argued, the court in banc dismissed the exception, ASHMAN, J., filing the following opinion:

Lord Thurlow, in Debeze v. Mann, 2 Bro. C. C. 165, remarked that " when a man gives a legacy for a particular purpose, and afterwards advances money for the same purpose, it is too late to say it is not a presumption that he meant to execute it." This principle is amply illustrated in the authorities, among others, in Warren v. Warren, 1 Bro. C. C. 305, where a legacy was held to be in part satisfaction of a portion under a marriage settlement which the testator had overlooked; and by Hinchcliffe v. Hinchcliffe, 3 Ves. 516; Rosewell v. Bennet, 3 Atk. 77; Strong v. Williams, 12 Mass. 391; Hunter v. Bryant, 2 Wheat. 32; Garrett's App., 15 Pa. 212; Miner v. Atherton, 35 Pa. 528. . . . .

By item 7 of the will, the testator gave $1,000 " to be used only towards the erection of a Reformed Church at Elizabethville," and not to be paid by the trustee " until he is perfectly satisfied that no debts of any kind whatever rest on said church property, or until the said amount with accrued interest would place the church entirely out of debt." When the will was written the erection of such a building was being canvassed, but it had not been begun. The work was accomplished, how-

ever, three years before the testator died, and the only indebtedness remaining was $144. During the time of its building, the testator contributed $723 to the church, which sum the auditing judge finds was meant for other purposes than that which was to be served by the legacy. Here was an ademption, it was contended, by the act of the legatee, by reason of which the church could justly claim only $144 of the sum bequeathed. It is true that a legatee may adeem a legacy to himself, as by paying a debt in testator's lifetime, which was the subject of the gift: Hoke v. Herman, 21 Pa. 301. But this testator seems to have intended that, to the extent of his legacy, the cost of erection should be paid. He could effect this after the church had been built and paid for, by directing that his gift should be applied to the building fund, and should thus release a corresponding sum for the general purposes of the organization. He said this in almost so many words, when he prohibited the payment until the trustees should be satisfied that no debts remained on the church property.

We do not lay stress upon the fact that a will speaks only from the date of the death, and that the testator must have intended this gift to stand, although its purpose had apparently been anticipated in his lifetime. He may have rested in the belief that the legacy had been adeemed, and that the clause in his will did not require to be revoked, because it had become, by his act, inoperative. But there was some proof that he regarded it as in full force. Shortly before his death, he replied to the statement which was made to him, that he had given his quota to the church, "With what is back, I have given my share." The auditing judge understood, and we think properly, by the words, "With what is back," a reference to the legacy. Yet at that time the church had been built and paid for, even the small balance of $144 having been assumed by some of the members. While he limited his gift to the specific object of building, he, none the less, meant it for the benefit of the church. On that ground, a legacy to a priest and his successors, in trust to say masses, which in that shape was void as tending to a perpetuity, was upheld in McGirr v. Aaron, 1 P. & W. 49, because it was actually intended for the maintenance of a priest, and was therefore in ease of the congregation. So in Foy v. Foy, cited in 3 Bro. C. C. 593, a gift towards the erec-

tion and endowment of a hospital in Dorset, Lord KENYON said, might go in aid of the endowment of any hospital already existing in that county.

The adjudication having been confirmed, the exceptant took this appeal, assigning as error the dismissal of his said exception and the confirmation of the adjudication.

*Mr. Francis Shunk Brown,* for the appellant:

How can the trustee use this legacy, when the particular church intended to be benefited in its erection, has been fully built and all paid for with the exception of $144, and the claims for this amount, now five years old, as it is submitted, have been collected for no other purpose than to make a claim against this estate? It is difficult to presume that while the testator contributed $723 towards defraying the cost of the church, he further intended to bequeath the additional sum of $1,000 for its benefit. On the contrary, the natural inference is, that having expended almost the amount he intended for the erection of the building, and thus almost entirely carried out the object contemplated by him, he considered the legacy having the same object in view as partially adeemed; that is, to the extent of $723: Taylor v. Tolon, 38 N. J. Eq. 91; Hoke v. Herman, 21 Pa. 301; Gill's Est., 1 Pars. 139; Ellison v. Cookson, 1 Ves. 112; Wetherby v. Dixon, 19 Ves. 411; Ex parte Pye, 18 Ves. 154; Grave v. Lord Salisbury, 1 Bro. C. C. 426; Richardson v. Greese. 3 Atk. 67; Reech v. Kennegal, 1 Ves. Sr. 126; Tolson v. Collins, 4 Ves. 491; Druce v. Denison, 6 Ves. 398; Fowler v. Fowler, 3 P. Wms. 354; Monck v. Monck, 1 Ball & B. 298.

*Mr. Augustus W. Bomberger,* for the appellee:

1. The doctrine of the constructive ademption of legacies has never been applied to legacies to mere strangers, unless under very peculiar circumstances; such as where the legacy is given for a particular purpose, and the portion is afterward, in the lifetime of the party, given exactly for the same purpose and none other. Except in cases standing upon such peculiar circumstances, the rule prevails that such a legacy is not adeemed by a subsequent portion or advancement in the life-

Opinion of the Court.

time of the testator, without some expression of intent in the instrument or by some writing accompanying the portion or advancement. Legacies to children, or to those to whom the testator stands in loco parentis, have repeatedly been decided adeemed by subsequent advancements, on the ground that the law is opposed to giving double portions, where, under precisely similar circumstances, legacies to mere strangers were strictly upheld: 2 Story's Eq. J., §§ 1111, 1117, 1122; Williams on Executors, 1297; Graham v. Graham, 1 Ves. Sr. 262; Crouch v. Davis, 23 Gratt. 62.

2. In almost every instance, the cases cited by the exceptant, on examination, are found to be in support of exceptions to the rule; the legacies in dispute were held to be not adeemed, and, taken together, they prove conclusively that the legatee in this case is entitled to the full payment of his legacy. The intention of the testator clearly appears to be that the legacy should not be paid over until the church was fully completed and finished, for he so states in so many words; and further, that the church should receive the legacy in full, even after the debts and expenses incurred in the erection of the building were entirely extinguished. The language of the will proves this beyond a doubt.

OPINION, MR. CHIEF JUSTICE PAXSON:

This record involves the single question of the ademption of a legacy. John Keiper, deceased, by his will, made the following bequest: "I give and bequeath to James Miller, Esq., of Elizabethville, Dauphin county, Pennsylvania, the sum of one thousand dollars in trust, safely to invest the same· at interest; this amount, and what interest may accrue thereon, to be used only toward the erection of a Reformed Church in the United States at Elizabethville, Dauphin county, Pennsylvania, and shall not be paid by the said James Miller, Esq., until he is perfectly satisfied. that no debts of any kind whatever rest on said church property, or until said amount, with accrued interest, would place the church entirely out of debt."

Parol evidence was given of the facts which are relied upon to show an ademption of this legacy. They are, briefly stated, as follows: At the time of the execution of the will the erection of a Reformed Church was in contemplation, but it was

not erected until the year 1884, at which time it was finished; that the testator paid during his lifetime $723 towards its erection, and that at the time of its dedication in 1884, the trustees thereof certified to the dedicating minister that it was fully paid for before he would, under the customs of that society, dedicate the same; but the evidence showed that debts aggregating $119 had been assumed by some persons interested in the church, and that the total debt at dedication in 1884 was not more than $144. There was also some evidence to show that the moneys contributed by the testator in his lifetime were intended to be additional to the legacy.

The auditing judge awarded the whole legacy to James Miller, trustee for the church, which award, upon exceptions filed, was affirmed by the Orphans' Court. We are asked to reverse this ruling upon the ground (a) that the contributions made by the testator during his lifetime were intended to be in lieu of the legacy, and (b) that inasmuch as the sole object for which the legacy was given was the erection of the church, it could not be applied to any other purpose, and as that object had been fully accomplished, there was an ademption of the legacy.

We do not regard either position as well taken. The testator had not contributed the full amount of the legacy. It lacked the sum of $277. We might still regard the legacy adeemed pro tanto, provided it appears by the will that the only object to which it could be applied, and for which it was intended, was the erection of the church building. We do not understand this to be the proper construction of the will. Such view is inconsistent with the provision that the legacy "shall not be paid by the said James Miller, until he is perfectly satisfied that no debts of any kind whatever rest on said church property, or, until said amount, with accrued interest, would place the church entirely out of debt." We think it plain from this, that the testator contemplated and desired that the church building should be erected and free from debt when this legacy should be paid, but in view of the possibility of the church not being able to accomplish this without his bounty, he authorized his trustee to apply it to the payment of the church debt caused by the building, provided, and only on the condition, that it would extinguish the whole of it.

This view renders it unnecessary to consider and discuss the authorities cited upon the argument. They are inapplicable to the facts of this case.

> The decree is affirmed, and the appeal dismissed at the costs of the appellant.