## ESTATE OF MATTHIAS BIRD, DECEASED.

APPEAL BY E. B. ELLIOTT ET AL. FROM THE ORPHANS' COURT
OF PHILADELPHIA COUNTY.

Argued January 17, 1890—Decided February 3, 1890.

(a) A testator bequeathed legacies to the guardian of two of his children, who at the date of the will were minors, to be expended by their guardian, in her discretion, in their education. Three codicils to the will made no change in these bequests:

1. In such case, the bequests were not void by reason of the fact that the children became of lawful age before the testator's death, nor were they adeemed pro tanto by expenditures made by the testator in his lifetime toward their education in their minority.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 107 July Term 1890, Sup. Ct.; court below, No. 442 October Term 1888, O. C.

On December 1, 1888, Letitia J. Bird and Samuel T. Fox filed their account as executors of the will of Matthias Bird, deceased. At the auditing of the account on January 9, 1889, the following facts were found:

Opinion of Court below.

Matthias Bird died on June 23, 1887, leaving a will duly admitted to probate, dated July 16, 1872, in which he provided:

" I give and bequeath unto the guardian of my daughter, Ida Rosa Bird, hereinafter named, the sum of $1,000, to be expended by the said guardian, in her discretion, in the education of my said daughter.

" I give and bequeath unto the guardian of my son, Samuel Bird, hereinafter named, the sum of $1,000, to be expended by the said guardian, in her discretion, in the education of my said son."

The testator's wife was constituted the guardian of said children.

Three codicils were added to said will dated, respectively, July 16, 1872 (the same date of the will), August 18, 1884, and June 9, 1887, none of which affected the foregoing provisions.

At the date of the will, Ida Rosa Bird was under 15 years of age; Samuel Bird was under 13 years of age. At the death of the testator, both were married, and until they married they had lived with their father.

The auditing judge, ASHMAN, J., filed an adjudication awarding to Ida Rosa Bird $1,000, and to Samuel Bird, $1,000, less $400, paid on account.

Exceptions filed to the adjudication by Eliza B. Elliott, William Bird, Mary Ann Deal and Hannah A. Reifsnyder, four of the children and residuary legatees of the testator, were disposed of, after argument before the court in banc, by the following opinion, HANNA, P. J.,

The view taken by the exceptants was argued by their counsel with much earnestness and ingenuity, but we fail to be convinced of any error in the conclusion reached by the auditing judge. Testator bequeathed to the guardian of his daughter Ida and his son Samuel, two sums of $1,000 " to be expended by the said guardian, in her discretion, in the education " of his said daughter and son. He appointed his wife as their guardian.

At the date of the will, in 1872, testator's children were both minors, and being educated by him. He died in 1887, at which time they had each attained lawful age, and the bequests for

Opinion of Court below.

their education remained unaltered. Subsequent to the date of the will, testator also executed three codicils, in neither of which was any revocation of the legacies nor any reference made thereto, and two were executed after his children named reached their majority.

It is now contended by the residuary legatees that the legacies being given for the education of children, who long since attained lawful age, and the purpose for which they were intended having failed, they are therefore void, and fall into the residuary estate; and, furthermore, as testator, in his lifetime, expended a certain sum towards the education of his son, the legacy for his education is therefore adeemed pro tanto.

But we do not think either position tenable. The primary intention of testator, no doubt, was to provide a fund for the education of his children, to be expended for that purpose by their mother, their guardian, at her discretion. If he had died in their minority, there can be no doubt she would have been entitled to receive the legacies, either in her own right, absolutely, or as guardian for her minor children. She and they were the only parties interested, the remaining children having no interest therein. And as to this we do not think there can be any doubt.

The case is the same, now that testator survived the minority of his children. The legacy is not direct to the children, but to their guardian, and is payable either to her or to them individually. But all difficulty upon this point is removed by the agreement of the widow, that the legacies be awarded immediately to her children. They are the only parties in interest, and we cannot conceive that the other residuary legatees are at all concerned.

The entire subject is fully discussed and well disposed of by the auditing judge, and without further addition to what is said by him, the exceptions are dismissed, and adjudication confirmed.

—Thereupon the exceptants took this appeal, specifying that the court erred:

1. In awarding the legacies of $1,000 each, to Ida Rosa Bird and Samuel Bird.

2. Even should it be held that the legacy to Ida Rosa Bird was valid, the court erred in not deducting the sum of $251.99

Syllabus.

(the amount admitted to have been advanced by testator in his lifetime and after the date of the will, to educate his son Samuel Bird), from Samuel Bird's legacy of $1,000.

Mr. *Walter Penn Shipley*, for the appellants.

Counsel cited: Lewin on Trusts, 8th ed., 405; Langdon v. Astor, 16 N. Y. 9; Powys v. Mansfield, 3 My. & C. 376; Gardiner v. Barber, 2 Eq. R. 888; Debeze v. Mann, 2 Br. C. C. 165; Ursinus College's App., 23 W. N. 261; s. c. 1 Mona 196; McCurdy's App., 124 Pa. 99.

Mr. *William C. Hannis*, for the appellees.

Counsel cited: Riddle's Est., 19 Pa. 431; Miller's App., 40 Pa. 57; Lynch's App., 12 W. N. 104; 1 Jarman on Wills, 698.

PER CURIAM:

This decree is affirmed upon the opinion of the learned president of the Orphans' Court, and

The appeal is dismissed at the costs of the appellants.