EMMA GOODEN, by Her Next Friend, L. L. GOODEN, Appellant, v. H. RAYL *et al.* Appellees.

Contract for Benefit of Minor: BREACH: RIGHT OF ACTION. A minor child may maintain an action for damages for the breach of a contract made by his parent in his behalf.

*Appeal from Poweshiek District Court.*—HON. W. R. LEWIS, Judge.

WEDNESDAY, MAY 25, 1892.

ACTION to recover damages for the alleged breach of a written contract. There was a demurrer to the petition, which was sustained. The plaintiff elected to stand on her petition, and from a judgment against her for costs she appeals.—*Reversed.*

*Haines & Lyman,* for appellant.

*H. S. Winslow,* for appellees.

ROTHROCK, J.—It is averred in the petition that the plaintiff is of the age of sixteen years, and that the suit is brought by L. L. Gooden, who is her father and next friend. That her mother died when the plaintiff was very young, and that her said father was poor, and owned no home of his own. That to secure the plaintiff the comforts of a home, her father entered into a written contract with the defendants, by which they bound themselves to provide a home for the plaintiff until she should arrive at the age of eighteen years, and at that time give to her one cow, one bed and bedding, one bureau, and usual wearing apparel. In consideration of this and the comforts and blessings of a home the plaintiff was to perform such duties and labors as a member of the family was required to do, and the defendants were to feed and clothe said Emma Gooden, to send her to school as a member of the defendants' family, to care for her in sickness and in health. It is further averred in the petition that the defendants disregarded their obligations under said contract; that they did not provide clothing and home comforts for the plaintiff as for their own children; that they gave her very little opportunity for schooling; that they did not treat her as one of their own children, but required of her hard service beyond her years and strength; that she was not taken to church and Sunday school, and was not provided with clothing suitable to allow her to attend church and Sunday school. It is further averred, in substance, that by reason of said violation of said contract by the defendants the plaintiff has been compelled to leave the home of the defendants, and that they refuse to provide anything for her, or to perform their contract in that respect. The written contract is made an exhibit, and is attached to and made a part of the petition. It is as follows:

"Article of agreement made the twentieth day of January, A. D. 1881, between Lazarus Gooden, of

VOL. 85—38

Jasper county and state of Iowa, of the first part, and Himelius Rayl, of Poweshiek county, state of Iowa, of the second part, witnesseth, that the said Lazarus Gooden, for consideration hereinafter made, contracts and agrees with the said Himelius Rayl to let his minor child, Emma Gooden, aged seven years last June, live with the said Himelius Rayl and his family upon the following conditions: That the said minor child, Emma Gooden, is on this first day of June, A. D. 1881, taken into the family of Himelius Rayl, and to remain as a member of his family until she arrives at the age of eighteen years, to share the comforts and blessings thereof, to do and perform such duties and labors as a member thereof, subject to the family rule and government of the said Himelius Rayl and Jane Rayl, his his wife. That, in consideration of the faithful performance of this contract on the part of the party of the first part, the said Himelius Rayl hereby agrees to feed and clothe the said Emma Gooden, to send her to school as a member of his own family or his own children, to care for her as such both in sickness and in health, until she is eighteen years old, at which time the said Himelius Rayl further agrees to deliver to the said Emma Gooden the following described property, to have and to hold as her own: One milk cow, one bed and bedding, including the stead, one bureau and usual wearing apparel. Signed the —— day of ——, A. D. 1881, in the presence of Joseph Arnold.

"L. L. GOODEN,
"HIMELIUS RAYL,
"SARAH J. RAYL."

There are some fifteen alleged grounds of demurrer. We do not think it is necessary to set them out in full. They all involve the question whether the plaintiff, Emma Gooden, has the right to maintain an action on the written contract, and our discussion of the case will disclose the objections made to the petition by the counsel for the defendants.

In the first place, it is claimed by the appellees' counsel that it does not appear from the petition that the plaintiff entered the family of the defendant in pursuance of the terms of the contract, because the contract is no part of the petition. As we have stated, the contract is expressly made a part of the petition, and the petition must be read and construed in the light of the contract. When this is done, we have the plain and not uncommon case of one party contracting for another for the benefit of a third party, and an action by the third party for a breach of the contract. That such an action can be maintained there, can be no question. If A. delivers money or property to B. under a promise that he will deliver it to C., the latter can maintain an action against B. for a breach of the contract. So in the case at bar, if L. L. Gooden entered into the contract in question with the defendants, and the plaintiff entered upon the performance of the contract, and continued to perform until she was compelled to leave the home of the defendant, she may maintain an action against the defendants for a breach of the contract. The court below must have been of the opinion that the plaintiff could not maintain the action, for the reason that she was and is a minor. The rule of law in relation to the rights of infants to maintain an action on contract is well stated in 5 Wait, Actions & Defenses, p. 75, as follows: "The law takes the rights of infants under its special protection, and secures to them the same remedies which it gives to adults. An infant may sue on any contract made with him personally by an adult. He can maintain an action for services rendered by him under a contract, especially if he has been emancipated, or is not living with and supported by his parents." In the case at bar the contract was not made with the infant personally. But it was made by the father of the infant, for the benefit

of the infant, and there is no question of emancipation in the case. There is no liability of the defendants to the father under the contract. If there ever was such liability there is none now, for the father, by commencing this suit as the next friend of his child, by that very act releases the defendants from any supposed liability there may be to him under the contract. The case is in all its essential features like *Strong v. Marcy*, 33 Kan. 109, 5 Pac. Rep. 366, where it was held that a minor could maintain an action upon a contract like the one now under consideration; and see, also, Schouler on Domestic Relations, 345, 370, 371.

The case demands no further consideration. In our opinion, the court erred in sustaining the demurrer to the petition. REVERSED.