IN RE ESTATE OF MIENE YOUNGERMAN, deceased; CONRAD YOUNGERMAN, JR., Claimant, Appellant, v. FRANK YOUNGERMAN, Executor.

**Wills:** LEGACIES: ADEMPTION. Where a testator does not stand
1   *in loco parentis* to a legatee it is not presumed that a subsequent benefit by way of payment or contract is a satisfaction of the legacy, unless it is made to clearly appear by extrinsic evidence that such was the intention; and such intention is sufficiently indicated if the benefit subsequently conferred is the same, or is in terms made as a substitute therefor.

**Same:** REVIVAL OF LEGACY. A legacy which has in fact been adeemed
2   cannot be revived by a subsequent codicil to the will making no specific reference thereto.

**Contracts:** EXPENSE OF EDUCATION: CONSTRUCTION. Where a con-
3   tract provided that decedent would pay the cost of tuition, books and clothing of a grandson in consideration that his father would pay other expenses " for the next four years," the estate is held under no obligation to pay such expense beyond the four years.

**Same:** PARTIES. The party for whose benefit a contract is made
4   may maintain an action for its breach regardless of whether the consideration proceeds from him or another.

**Same:** APPEAL: WAIVER. Acceptance of the benefits of a de-
5   cree awarding claimant a sum, either under a will or a contract with testatrix for his support, is not a waiver of the right to have it determined on appeal whether he was entitled to more.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

TUESDAY, DECEMBER 10, 1907.

THE appellant filed a claim against the estate of Miene Youngerman, deceased, to recover under a contract by which the testatrix had agreed during her lifetime to pay for tuition, books and clothing of the claimant for a course at a technical institution of learning, alleging that a portion of the expenses incurred by him in reliance on the contract remained unpaid. The claimant also asked a balance alleged to be due and unpaid out of a legacy made to him in the will of decedent. The defendant took issue with claimant as to the indebtedness to claimant under the contract or will, and asked a construction of the will, together with the contract, and that the court declare the contract so far as executed to be a satisfaction and discharge in full of the legacy. A motion to transfer the case to the equity docket for trial was sustained, and the court, after hearing the evidence, decreed that the obligations of the estate to the claimant under the provisions of the contract and the will had been fully discharged, save that, on the completion of another year's study in the institution referred to in the contract, a further sum of $500 would become due to the claimant under the provisions of said contract and will, providing that the legitimate expenses for tuition, books, and clothing of claimant in said institution or some other similar institution for the ensuing year should amount to that sum. From this decree the claimant appeals. *Affirmed* in part and *reversed* in part.

*A. D. Pugh,* for appellant.

*Bowen, Brockett & Weldy,* for appellee.

MCCLAIN, J.— On August 5, 1902, the decedent, grandmother of claimant, executed her will subsequently pro-

bated of which the defendant is executor, providing that this claimant and three other grandsons be paid each the sum of $2,000, at the rate of $500 per annum for four years, for the purpose of giving them an education in some institution of learning higher than the high school, to be used only for that specific purpose, and that, if at the time of testatrix's decease any one or more of said grandchildren should have partially completed their education in such higher institution of learning, then a *pro rata* share should be given; that is, the sum of $500 per year for the balance of the time necessary to complete a four years' course. On September 22, 1903, claimant, being about to enter upon a course of higher education in a technical institution, the testatrix made a contract with the father of claimant and for claimant's declared benefit, by which she agreed that, in consideration of the father depositing in the bank subject to the order and check of claimant the sum of $1,200 to be used by claimant in paying his board and room in said institution, she would pay from time to time, as needed, for the tuition, books, and clothing of claimant during the time he should be in school as aforesaid, and further agreed, that in case of her death prior to the time claimant should have furnished his course, her heirs and executors should carry out her part of such contract. Prior to the death of the testatrix, April 26, 1905, she had paid to claimant for his tuition, books and clothing in the said institution referred to the sum of $776.80, which it is agreed was the full amount which she was under obligation by the terms of her contract to pay to him on account of his attendance in said institution for two full years, ending in June, 1905. The defendant has paid to claimant $500 on account of similar expenses during the third year of his attendance on said institution, and the court decreed that under the terms of the contract an additional sum not exceeding $500 for similar expenses during the fourth year of his attendance should be paid, and that this payment should constitute a full satisfaction of

the legacy to claimant in the will. The theory of appellee, which was adopted by the court in rendering its decree, was that the performance of ·the provisions of the contract constituted a satisfaction of the legacy, while the claim of appellant is that he is entitled to the benefit of the will and the contract in his behalf. Under appellant's contention, he was entitled by the provisions of the will on the death of testatrix to the sum of $1,000 — that is $500 per year for each of the remaining two years of a four years' course — and by the terms of the contract to have paid out of the estate his expenses for tuition, books, and clothing at said institution for three years, it being shown by the evidence that, while the regular course upon which he entered was a four years' course, yet by reason of inadequate preparation, it would be necessary for him to attend said institution for an additional year in order that his course should be completed. .The evidence shows without substantial conflict that the expenses for tuition, books, and clothing at said institution had been since the death of testatrix and would continue to be $500 per year until the completion of said course at the end of five school years from the time of his entrance in September, 1903. The contention for appellant is that the provisions of the will and contract constituted separate and independent obligations, and he is entitled to the sum of $2,500, of which $500 have been paid by defendant, leaving $2,000 still to be paid, of which $500 is ordered to be paid under the decree. As the decree was entered at the end of appellant's third school year, we are not called upon to determine how much shall be paid him if we shall find that the contract is an independent provision for his benefit, and not a satisfaction of the legacy in his favor, but we are required to construe the contract, in any event, for the purpose of determining whether it covers three or only two school years from the death of testatrix.

I.   The first question for determination is whether the contract was made in satisfaction of the provisions of the

will; that is, whether the legacy has been adeemed *pro tanto*

1. WILLS:
legacies:
ademption.

by payments under the contract, and will be fully satisfied when the contract has been performed by payment of expenses of appellant in the institution which he is attending for such further time as is provided for in the contract. Where the testator stands in *loco parentis* to a legatee, a subsequent payment to the legatee or a contract made for his benefit seems usually to be presumed to be an ademption or satisfaction of the legacy *pro tanto* on the theory that double portions to a child are not intended. *Lord Chichester v. Coventry,* L. R., 2 H. L. 71; *In re Tussaud's Estate,* L. R., 9 Ch. Div. 363; *In re Estate of Hall,* 132 Iowa, 664; *Wallace v. Du Bois,* 65 Md. 153 (4 Atl. 402); *Carmichiel v. Lathrop,* 108 Mich. 473 (66 N. W. 350, 32 L. R. A. 232). But here no such presumption arises, for the testatrix did not stand nor assume to stand in *loco parentis* to the appellant, and the provision for the appellant was not as for a child or other relative naturally entitled to share in her estate, but a specific provision for his benefit in a particular way. Testatrix provided generally for her children to whom her estate would have descended in the absence of a will, and the father of appellant, who in the absence of a will would have been entitled to share in her estate, was still living. Therefore testatrix did not stand in *loco parentis* to appellant, and the specific provision for his education made in the will was not in lieu of any portion of her estate to which he would otherwise have been entitled. Under these circumstances, the presumptions with reference to ademption of a legacy have no application. *Swails v. Swails,* 98 Ind. 511; *Wilson v. Smith* (C. C.), 117 Fed. 707; *Allen v. Allen,* 13 S. C. 512 (36 Am. Rep. 716); *Davis v. Close,* 104 Iowa, 261.

In case of a legacy to a stranger — that is, to one to whom, even though a relative, the testator does not stand in *loco parentis* — there is no presumption that a subsequent benefit by way of payment or contract is a satisfaction of

the legacy.    The subsequent benefit may be presumed, however, to be a satisfaction of the legacy, if it is clearly made to appear by extrinsic evidence that satisfaction was intended, and this intention is sufficiently indicated if the benefit subsequently conferred is the same, or is in terms made a substitute therefore, or is so far identical in character that it is *ejusdem generis.    Cowles v. Cowles,* 56 Conn. 240 (13 Atl. 414); *Hayward v. Looper,* 147 Ill. 41 (35 N. E. 225); *In re Johnson's Estate,* 201 Pa. 513 (51 Atl. 342); *Tanton v. Keller,* 167 Ill. 129 (47 N. E. 376); *Roquet v. Eldridge,* 118 Ind. 147, (20 N. E. 733); *Taylor v. Tolin,* 38 N. J. Eq. 91.    But, in the absence of any satisfactory proof that the subsequent benefit was the same as that intended in the legacy, the court will not deprive the legatee of that which is given to him by the will on the ground that a subsequent benefit has been conferred upon him.    *Appeal of Keiper,* 124 Pa. 193, (16 Atl. 744); *Appeal of Sprenkle* (Pa.) 15 Atl. 773; *Parkhurst v. Howell,* L. R., 6 Ch. App. 136; I Pomeroy, Equity. Jurisprudence, sections 562–564; I Underhill, Wills, sections 443, 444.    Thus it has been said that a bequest of money to be expended in educating a legatee is not satisfied either in full or *pro tanto* by the subsequent expenditure during testator's lifetime of money for the education of such legatee.    *Appeal of Elliott,* 132 Pa. 164 (19 Atl. 32). Likewise, with reference to advancements, it has been held that money expended in the education of a child is not to be taken out of his share of the estate.    *Cooner v. May,* 3 Strob. Eq. (S. C.) 185; *White v. Moore,* 23 S. C. 456.

While the specific purpose of the money to be paid under the contract was included in the general purpose for which the legacy was made, there was not such identity between the provisions of the will and those of the contract as to indicate that the latter were intended as a substitute for the former.    The contract was subsequently made in consideration that the father of appellant should deposit $1,200 subject to be checked out by appellant in paying his

board and room for four years, and it appears that this amount was, in fact, deposited to appellant's account by his father and has been checked out. The contract was to pay specific expenses at a particular school; while the legacy was in general, to secure to the appellant an education in any institution of learning higher in standard than a high school. The contract was in terms entered into with the father of appellant, and it is entirely conceivable that the purpose was to induce the father to add the amount named in the contract to be paid by him to the sums to which the appellant would be entitled to have paid to him from the estate of testatrix after her death under the terms of the contract and those of the will. So far as there is any evidence throwing light on the intention of testatrix otherwise than is indicated by the language of the contract itself, such evidence tends to show that the provision of the contract was by way of an additional benefit for appellant.

Two codicils to her will were executed by the testatrix after the date of the contract above referred to. In neither of them is any reference made to the provision of the will 2. SAME: revival in favor of appellant, nor to the contract; and of legacy. we think no inference one way or the other is to be drawn therefrom as to testatrix's intent in entering into the contract, unless possibly the failure to revoke the legacy in the codicils might be an argument in favor of the intention of the testatrix to allow the provision for a legacy to remain in force notwithstanding a subsequent partial provision for appellant's education made by the contract. If the legacy had in fact been adeemed, it would not have been revived by a subsequent codicil making no specific reference thereto (*Tanton v. Keller,* 167 Ill. 129, 47 N. E. 376), but no authority is cited for the proposition that a failure to subsequently refer to a contract for the benefit of a legatee gives rise to a presumption that it was intended to be in satisfaction of a previous legacy.

II.   The trial court was asked to construe the contract

for the purpose of determining whether the defendant would be bound thereunder to continue the payment to appellant

**3. Contracts: expense of education: construction.** of his expenses for tuition, books and clothing at the technical institution during the fifth year, which, as appears from the evidence, will be necessary to enable him to complete the course in that institution, and this question is presented on this appeal, and must be determined notwithstanding our finding that the contract was not an extinguishment of the legacy. It is to be noticed that the only reference to the length of the course for which testatrix bound herself to pay appellant's expenses is in the clause relating to the obligation assumed by appellant's father in paying his board and room at school " for the next four years " at the institution named. The obligation assumed by testatrix was to pay from time to time as needed " for the tuition, books, and clothing of the said Conrad during the time he is in school as aforesaid." We think this contract implies no obligation to pay any expenses beyond the four years' course before referred to. There is some evidence tending to show that, soon after appellant entered upon his course, it was discovered that he could not complete it in four years; but we find nothing indicating any understanding on the part of the testatrix at the time the contract was entered into that the course would require more than four years for its completion. We think the trial court correctly construed the contract as binding the estate for the expenses contemplated therein only during a four years' course.

III.   Counsel for appellee question the right of appellant to maintain an action for the breach of the contract, which, as before indicated, was made between testatrix and

**4. Same: parties.** appellant's father; but the contract was expressly made for appellant's benefit, not for the benefit of the father. The father could not have maintained any action thereon, and clearly appellant is the party entitled to sue. In Code, section 3459, it is provided that

" every action must be prosecuted in the name of the real party in interest," and this court has uniformly held that one for whose benefit a contract is made is the real party in interest as to an action for a breach thereof, regardless of whether the consideration proceeds from him or another. *German Savings Bank v. N. W. Water & Light Co.,* 104 Iowa, 717; *Knott v. Dubuque & S. C. R. Co.,* 84 Iowa, 462; *Gooden v. Rayl,* 85 Iowa, 592; *Johnson v. Knapp,* 36 Iowa, 616; *Johnson v. Collins,* 14 Iowa, 62; *Daily v. Minnick,* 117 Iowa, 563.

IV. With this case is submitted a motion to dismiss the appeal on the ground that the appellant has accepted the benefit of the decree in his favor by receiving from defendant

5. Same: appeal: waiver. payment of $500 found due him either under the will or under the contract for his expenses of tuition, books and clothing during his third school year. No question was raised by defendant as to appellant's right to recover that amount under the contract. There was no contention that the contract was ineffectual by reason of the will, nor that $500 was not due under the will, even though no contract had been made. The decree allowed $500 as due either under the will or under the contract, and there is no question on this appeal as to the right of appellant to receive that sum, and therefore by accepting the amount allowed in the decree appellant did not waive his right to have it determined by this court whether he was entitled to more. *Mountain v. Low,* 107 Iowa, 403; *Dudman v. Earl,* 49 Iowa, 37; *Upton Manufacturing Co. v. Huiske,* 69 Iowa, 557; *Funk v. Mercantile Trust Co.,* 89 Iowa, 264.

The decree of the trial court, so far as it limited the right of recovery under the contract to the expenses of appellant contemplated therein to a four years' course of study, is affirmed; but, so far as it was held therein that the provisions of the contract extinguished the obligations in his favor under the provisions of the will, it is reversed.

*Affirmed* in part; *reversed* in part.