## In re FIFE'S ESTATE.

No. 20664. Opinion Filed Nov. 24, 1931.

Rehearing Denied Jan. 12, 1932.

Mark L. Bozarth, for plaintiff in error.

W. A. Barnett, for defendant in error.

RILEY, J. This is an appeal from a judgment and order of the district court of Okmulgee county surcharging the account of William P. Morton, administrator of the estate of Gibson Fife, deceased, in favor of Jannie Knight, nee Fife, a sister, and one of the heirs at law of Gibson Fife.

William P. Morton, plaintiff in error, was appointed administrator of the estate of Gibson Fife, deceased, on April 11, 1927. The only money or property coming into his hands as such administrator was the sum of $6,907, the proceeds of a United States policy of insurance. It is conceded that the only heirs at law of said Gibson Fife were Jann'e Knight, nee Fife, a sister, and two children of the deceased brother. It is likewise conceded that Jannie Knight, defendant in error herein, was entitled to one-half of the estate of Gibson Fife.

Upon application of Jannie Knight, the administrator on March 9, 1928, filed in the county court what he called the final account of his acts and doings as such adminis-

trator, showing receipt of the sum of $6,907, with which sum he charged himself. He asked credit for several items as having been paid out in the total sum of $2,825.98, showing balance in his hands of $4,081.05, subject to distribution. Hearing of the report was set for April 30, 1928. March 23, 1928, Jannie Knight filed her petition for an order of distribution, and on April 30th, the date set for hearing, Jannie Knight being a full-blood Indian, Peter Deichman, United States probate attorney, filed exceptions to the final account as to six items for which the administrator claimed credit amounting to $2,430.95. On the same day Jannie Knight, by her attorney, filed her separate objections or exceptions, adopting those of the probate attorney, and objecting also to another item amounting to $189.52. The matter was heard by the county judge on April 30, 1928, and all objections and exceptions to the report were overruled and denied. However, the county court reduced the amount of the administrator's claim for services to the extent of $157.67, and also reduced the amount allowed for attorney's fee from $500 to $400, and found the balance due in the hands of the administrator for distribution to be the sum of $3,844.50, and entered a decree of distribution fixing the amount due Jannie Knight at $1,480.17. Jannie Knight accepted no part of funds in dispute based upon the items of expense of administrator. From the finding and order, Jannie Knight appealed to the district court. Notice of appeal dated May 9, 1928, was filed in the county court May 10, 1928.

On May 9, 1928, William P. Morton, the administrator, gave to Jannie Knight a check for $1,405.17, and took from her a receipt as follows:

"In the County Court, Okmulgee County, State of Oklahoma.

"In the Matter of the Estate of Gibson Fife, Deceased.

"W. P. Morton, Administrator. No. 2746.

"Received of William P. Morton, administrator of the above-named estate, the sum of fourteen hundred eighty & 17/100 dollars. Being my distributive share of the estate of the said Gibson Fife, deceased, as per order settling final account and decree of distribution signed by Orlando Swain, county judge in and for said county hearing date of April 30, 1928.

"Dated this 9th day of May 1928.
"Jannie Knight,
"Jannie Knight, nee Fife.
"Witnesses:
"W. A. Barnett,
"R. S. Davidson."

The appeal was set for hearing in the district court July 13, 1928, at which time the administrator offered in evidence the receipt above quoted and the check, which check showed it was paid on May 11, 1928. He then moved the court to dismiss the appeal:

"* * * for the reason that the record shows that Jannie Knight, nee Fife, the appellant in this case, has received and accepted the amount of money found due her by the county court, as evidenced by her final receipt, and by check executed by the administrator in her favor, which has been indorsed and cashed by her and that this case is now moot and that there is nothing before the court to try."

The motion was overruled and the hearing proceeded, resulting in an order and judgment surcharging the administrator as above stated.

The only question presented in the brief of plaintiff in error is the alleged error in refusing to dismiss the appeal. He contends that when defendant in error accepted the check and executed the receipt she waived her right of appeal. To support this contention he cites a number of cases from this court and some from other states which hold, in accordance with the general rule, that:

"When a party to an action voluntarily accepts the benefits accruing to him under a judgment, he thereby recognizes the validity of such judgment as against him. Such act on his part operates as a waiver of his right to prosecute an appeal therefrom or to bring error to reverse it."

The above rule is stated in Ingram v. Groves, 84 Okla. 159, 202 P. 1019, and has been recognized and followed in a number of cases in this state. The general rule with reference to acceptance of the benefits of the judgment is stated in 3 C. J. 679, as follows:

"Subject to the exceptions and qualifications hereafter stated, the general rule is that a party who enforces, or otherwise accepts the benefit of a judgment, order, or decree cannot afterward maintain an appeal or writ of error to review the same or deny the authority which granted it."

However, there are a number of well-established exceptions to this general rule. It is said that the rule does not apply:

"* * * where the right to the benefit received is conceded by the opposite party or appellant is entitled thereto in any event, so that it could not be denied if the portions of the judgment or decree granting it should be reversed." 3 C. J. 680.

And:

"The rule that a party cannot maintain an appeal or writ of error to reverse a judgment or decree after he has accepted payment of the same in whole or in part has no application, as a rule, where appellant is shown to be so absolutely entitled to the sum collected or accepted that reversal of the judgment or decree will not affect his right to it, as in the case of the collection of an admitted or uncontroverted part of his demand, and in other like cases, for, 'in cases of this character, there can be no injustice, or vexatious oppression to the defendant, in, allowing the plaintiff to receive that to which he is unquestionably entitled, and to confine future litigation only to so much of plaintiff's claim as may be bona fide disputed'."

It is clear that the claim of defendant in error comes within the exceptions quoted and that the cases cited by plaintiff in error have no application.

The final and supplemental account filed by plaintiff in error in the county court shows that he had in his hands subject to distribution much more than $2,960.34, one-half of which sum would be the amount of the receipt. It is conceded that defendant in error was entitled, as her distributive share of the estate, to one-half thereof. No contention whatever is made that she was not entitled, in any event, to receive as much as $1,480.17. That amount was not in controversy in the county court and could not have been in controversy on appeal. It was not contended in the district court that she was not entitled to receive that much.

In Youngerman's Estate (Iowa) 114 N. W. 7, it was held:

"By accepting the benefits of a decree awarding claimant a sum as due either under testatrix's will or her contract, he did not waive his right to have it determined by the Supreme Court whether he was entitled to more; there being no question as to his right to recover the sum awarded."

The receipt which defendant in error signed does not purport to be for anything more than plaintiff in error conceded in his report that she was entitled to receive. It does not purport to be in full of all she was entitled to receive as her distributive share of the estate of Gibson Fife, but only purports to be for the amount of her distributive share as found by the order of the county judge. Neither the amount she received nor the amount she receipted for was in controversy either in the county court or the district court.

Under the well-established exception to the general rule contended for by plaintiff in error, defendant in error did not waive her right to prosecute her appeal to the district court. There was no error in denying the motion to dismiss the appeal.

There being no other question presented in the brief of plaintiff in error, the judgment and order of the district court is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.