## DUDMAN v. EARL ET AL.

1. **Appeal: JUDGMENT: PAYMENT OF.** The payment of a judgment after judgment is rendered in the court below, but before it is formally entered by the clerk, does not have the effect to deprive the party receiving the payment of the right of appeal upon matters with respect to which the judgment is adverse.

2. **Promissory Note: WHEN INSTRUMENT IS LOST: INDEMNITY BOND.** Where a note is lost which has been specially indorsed, and therefore has become non-negotiable, the maker is not entitled to demand an indemnifying bond of the owner of the note as a condition precedent of payment.

*Appeal from Wapello Circuit Court.*

THURSDAY, JUNE 13.

. ON the 26th day of October, 1874, the defendants executed to John H. Dorland their negotiable promissory note for one thousand five hundred and sixty-five dollars, payable in twelve months from date, with interest at ten per cent. Said note was indorsed in blank by Dorland to the plaintiff, before maturity.

On the 10th day of September, 1875, the plaintiff indorsed said note in blank, and placed it in the hands of the cashier of the Bank of Carthage, Mo., to be sent to the First National Bank of Ottumwa, Iowa, for collection. Said cashier then indorsed said note as follows:

"Pay cashier First National Bank, Ottumwa, Iowa, or order, on account of Bank of Carthage, Mo.

"A. COHN, Cashier."

The note was then placed in an envelope, directed to the First National Bank of Ottumwa, Iowa, and deposited in the post-office at Carthage, Mo.

The said note was never received by the bank at Ottumwa, nor returned to plaintiff or the cashier of the Carthage Bank.

On the 24th day of January, 1876, the plaintiff went to Ottumwa, the place of residence of the defendant, to collect said note, and on the same day the defendant Earl tendered to plaintiff the amount then due on the same, and demanded said note or a bond of indemnity. The plaintiff did not have such bond, and the defendant placed said money with the cashier of the First National Bank of Ottumwa, with directions to pay the same to plaintiff whenever he produced the note or gave a bond.

This action was brought on the 27th day of January, 1876, to recover the amount due upon said lost note.

After the commencement of the action, and on the 22d day of February, 1876, the plaintiff tendered to the defendant a bond conditioned that if they would pay said note the makers of the bond would hold them harmless from all damages, if they at any time should again be called upon to pay the same. The plaintiff and the sureties upon said bond were residents of the State of Missouri. The plaintiff filed an amendment to his petition, averring the tender of the bond of indemnity, and that the same was refused by defendants, and that said bond was good and sufficient security. The bond was filed among the papers in said cause for the use of defendants.

The defendants answered, averring that they had "not sufficient knowledge or information upon which to form a belief as to whether plaintiff had any interest in said note, or whether said note had been lost, nor whether it was indorsed,

nor whether it was left with said bank, nor whether it was mailed to Ottumwa," and they denied each of said allegations and called for proof.

They further averred the tender of the money with the condition above set forth, and that they refused to accept the indemnifying bond because the securities thereto were residents of the State of Missouri, and they had no sufficient knowledge or information upon which to form a belief as to whether said bondsmen were good and sufficient security to protect defendants from damages which they might suffer by the payment of said note.

The cause was submitted to the court upon the foregoing issues and facts, and judgment was rendered against the defendants for the amount tendered on the 24th day of January, 1876, which the defendants were ordered to bring into court. It was further ordered that the indemnifying bond, filed by the plaintiff, remain on file for the use of the defendants. The court further rendered judgment against the plaintiff for the costs of the action, and refused to render judgment against the defendants for interest on said note after the 24th day of January, 1876. Plaintiff appeals.

*Stiles & Burton*, for appellant.

*Morris J. Williams* and *D. H. Emery*, for appellees.

ROTHROCK, CH. J.—I. It appears from the abstract that after the decision of the court was announced, rendering

1. APPEAL: judgment: payment of.

judgment against the defendants for the amount tendered, and ordering them to bring said money (which was yet in the bank) into court at the close of the trial, and before judgment was entered, the defendants, in obedience to said order, deposited the money with the clerk, for plaintiff, "and plaintiff received the same."

The defendants insist that the plaintiff waived his rights to appeal by accepting the tender. A motion is submitted with

the case to dismiss the appeal upon this ground. The abstract does not state when the plaintiff received the money.

It appears from an affidavit filed by one of the counsel for the appellant in resistance of the motion, that the money was not received until after the judgment had been announced by the court, and not until after the bill of exceptions had been signed by the judge, and not with any intent to waive the plaintiff's right to insist that the court erred in refusing to render judgment for interest after the 24th day of January, 1876, and in rendering judgment against plaintiff for costs.

We think, under these circumstances, the plaintiff did not waive his right to appeal, although he did accept the money before judgment was formally entered up by the clerk.

He could never recover a less sum than the amount of the tender, and might, upon appeal, be entitled to more. When it was adjudged by the court that he was entitled to this amount, and his further claim was denied him, and the money was paid into the court for his use, he could not be compelled to allow the sum paid in to remain idle until he could, upon appeal, try the only questions in dispute upon the facts, whether he should have the interest he claimed, and whether he was liable for the costs of the action.

The case would have been different if he had accepted the tender before or upon the trial in the court below. The motion to dismiss the appeal must be overruled.

II.    The principal question in the case is, had the defendants the right to demand indemnity as a condition to the payment of the note?    It appears that there was an indorsement to pay to the order of the cashier of the First National Bank of Ottumwa. This was a special indorsement, and no one could acquire any rightful property in the note by its transfer. It could only be transferred by a forgery, and such an indorsement would confer no legal right. In other words, the note when lost was not a negotiable instrument, and if the defendants had paid it

2. PROMISSORY note: when instrument is lost; indemnity bond.

to the plaintiff, who was the real owner, no action could afterward have been maintained by any one against them.

In Parsons on Notes and Bills, volume 2, page 303, it is said: "But in some suits upon lost instruments there is absolutely no risk run by the defendant, and hence no call for indemnity. Thus, if the contents of the note be proved, and it be shown that the defendant is protected under the statute of limitations from future liability, no indemnity can be demanded. For the same reason no bond of indemnity is generally given in this country upon a non-negotiable note, or a negotiable note if it be a note specially indorsed."

A large number of authorities are cited by the learned author in support of the rule announced in the text.

Following that rule the defendants had no right to demand indemnity when they were advised of the loss of the note, and that it had been specially indorsed. The tender made was coupled with this demand, and for that reason it was unavailing to stop the accruing of interest.

We think the court should have rendered judgment for the plaintiff for the full amount of the note, including interest, and for costs.

The judgment will be reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.

REVERSED.