JANE FUNK *et al.*, Appellees, v. MERCANTILE TRUST COMPANY, Intervenor, Appellant.

1.  Appeal: ACCEPTING BENEFITS OF JUDGMENT: WAIVER.  The right of appeal from a part of a judgment will not be waived by accepting the benefits of another part thereof not in any manner involved in the appeal.

2.  Mortgage on Income and Profits of Mine: GARNISHMENT: PRIORITY OF LIENS.  A mortgage upon the "income, issues and profits" of a coal mine includes accounts due the mine owner for coal sold from such mine, and is valid as against a garnishment of such accounts by a judgment creditor of the proprietor of the mine.

3.  ———: FORECLOSURE: MERGER.  The priority of the lien of such mortgage would not be lost as to such accounts by the foreclosure of the mortgage, where the decree is made as broad as the mortgage, and authorized the mortgagee to subject to the payment thereof the income and issues of the business of the mortgagor.

*Appeal from Keokuk District Court.*—HON. J. K. JOHNSON, Judge.

THURSDAY, OCTOBER 12, 1893.

GARNISHMENT proceedings on execution for the payment of a judgment in favor of the plaintiffs, and

against the defendant, the Crescent Coal Company. The Chicago & Northwestern Railway Company and the Burlington, Cedar Rapids & Northern Railway Company were garnished as debtors of the defendant. Thereupon the Mercantile Trust Company of New York intervened, claiming the right to have appropriated, for the payment of a judgment it held against the coal company, money which the garnishees admit that they were owing to the defendant. There was a trial by the court, and a judgment in favor of the plaintiffs, and against the Chicago & Northwestern Railway Company, for the amount due on the judgment of the plaintiffs, and for costs, and, to the extent of the money so appropriated, the petition of intervention of the trust company was dismissed. It was further adjudged that the Chicago & Northwestern Railway Company pay the remainder of the amount it was owing to the defendant, and that the Burlington, Cedar Rapids & Northern Railway Company pay the remainder of the amount it was owing to the defendant, to the clerk, to be applied on the judgment of the intervenor. From so much of the judgment as required the payment by the Chicago & Northwestern Railway Company of the amount due on the judgment of the plaintiff, the intervenor appeals. —*Reversed.*

*C. M. Brown,* for appellant.

*G. D. Woodin* and *J. C. Beem,* for appellees.

ROBINSON, C. J.—I. The appellees ask that the appeal be dismissed on the ground that the appellant

1. APPEAL: accepting benefits of judgment: waiver.

has accepted the money which the garnishees were required to pay into court for its benefit, and for that reason has no further right to prosecute the appeal. After the judgment against the garnishees was rendered, the Chicago & Northwestern Railway Company paid to the clerk,

to be applied on the judgment in favor of the intervenor, the sum of six hundred and eighteen dollars and fifty-six cents, and the Burlington, Cedar Rapids & Northern Railway Company paid to the clerk, for the same purpose, the sum of one thousand, three hundred and forty dollars and fifteen cents. Both these sums were paid to, and accepted by, the intervenor after the appeal was taken. The Chicago & Northwestern Railway Company also paid to the clerk, to be applied on the judgment of the plaintiffs, the sum of one thousand, one hundred and thirty-nine dollars and thirty-six cents. The appellees did not except to the judgment in the garnishment proceedings, and have not appealed from it, nor any part of it. So far as the record shows, the judgment rendered was entirely satisfactory to them. There is no controversy excepting as to so much of the judgment as required the payment of money to apply on the judgment of the plaintiffs. By agreement of the parties, that money was to be deposited in bank at the best obtainable rate of interest, to await the result of this appeal. It thus appears that there is no controversy in regard to the right of the appellant to the money it has received, and we are of the opinion that the right to prosecute the appeal was not waived by accepting it. See *Anglo-American Land, Mortg. & Agency Co. v. Bush,* 84 Iowa, 272, and cases therein cited; *Byram v. Polk County,* 76 Iowa, 75, 78. The application to dismiss is overruled.

II.  In the year 1889 the Crescent Coal Company executed to the intervenor a mortgage to secure the

2. MORTGAGE on income and profits of mine: garnishment: priority of liens.

payment of one hundred thousand dollars in bonds. The property so mortgaged included lands in Keokuk county, the coal in the land, together with the right to mine and remove it, the towers, hoisting and pumping machinery and other appurtenances of the mines in the mortgaged premises, and personal property used in

connection with the mines. The mortgage also included all right and title of the coal company "to all money and credits due, or to become due to it, and all the contracts and agreements made or to be made, and all and singular any property that may be acquired in the future by the party of the first part, and all and singular the entire property of the party of the first part, both real and personal, wherever found, together with the rights, privileges and appurtenances belonging or in any wise appertaining to the said land and coal, * * * together with all its corporate rights, privileges, immunities and franchises now held or hereafter to be acquired, with the reversion and reversions, remainder and remainders, income and royalties, rents, issues, and profits thereof, and all the estate, right, title and interest, property, possession, claim and demand whatsoever, as well in law as in equity, present or in future, of the party of the first part of, in, and to, all and singular the property and effects hereinbefore described, and every part of the same, and every parcel thereof, with the appurtenances, and all revenues, benefits and advantages and profits to the party of the first part at any time accruing from or out of the same, or the business operations thereof, to have and to hold the same," etc. The mortgage also provided for the taking possession of the mortgaged property. On the twenty-fifth day of March, 1891, the intervenor obtained in the district court of Keokuk county a decree for one hundred and seven thousand and fourteen dollars and thirty-seven cents, due on the bonds, foreclosing the mortgage, and ordering the sale of the mortgaged property. The decree followed the mortgage in all respects, and gave to the intervenor the right to the possession of all the mortgaged property until the amount adjudged to be due should be paid, or until the right of possession should pass to a purchaser. On the twentieth day of April, 1891, an execution was issued, under which so

much of the mortgaged property as could be found was sold. The execution was returned August 1, 1891, satisfied only in part, more than sixty thousand dollars remaining unpaid. On the fifteenth day of April, 1891, a judgment was rendered by the district court of Keokuk county in favor of the plaintiff, and against the coal company, for the sum of one thousand and thirty-three dollars and thirty-seven cents and costs. On the eighteenth day of the same month an execution was issued on the judgment so obtained, under which the Chicago & Northwestern Railway Company and the Burlington, Cedar Rapids & Northern Railway Company were garnished, and the plaintiffs claim that by means of that garnishment they became entitled to the payment of their judgment from the money owed by the garnishees to the defendant. It appears that the money so owed was due for coal which the coal company had mined from the mortgaged land, and furnished to the garnishees, between the thirty-first day of March and the nineteenth day of April, 1891. The intervenor contends that the money owed by the garnishees was income, issues and profits accruing from and out of the mortgaged property, and from the business operations of the company, and was included in the mortgage, and that the plaintiffs, their attorneys, and the sheriff had actual notice of the mortgage on the money in the hands of the garnishees before they were garnished. The plaintiffs admit that they and their attorneys and the sheriff knew the contents of the mortgage, but deny that they had actual notice of the mortgage on the debts in question at the time of the garnishment.

It is claimed by the appellees that the mortgage did not include such debts, for the reason that the description is not sufficiently specific and definite. In *Sandwich Manufacturing Co. v. Robinson,* 83 Iowa, 567, 568, it was held that a valid mortgage on a claim

for money not earned, as on accounts for work to be done, may be given. We know of no reason why such a mortgage may not also be given upon the income, issues and profits of the business of mining and selling coal, and upon accounts which may accrue from it. It may be true that the description in the mortgage in question is too indefinite and uncertain, as to some of the property and property rights sought to be included, to be effectual; but, if that be so, it would not affect the right of intervenor to any property sufficiently described. The debts which the garnishee owed the defendant were for coal on which intervenor had a mortgage, and were income and issues of the defendant which accrued from its business operations. The plaintiffs knew the contents of the mortgage, and must be charged with knowledge of the fact which the relation of the garnishees with the defendant necessarily suggested, and which an inquiry would have disclosed with certainty, that the debts garnished grew out of the business of the defendant, and were included in the mortgage. We conclude that the mortgage was valid as against the plaintiffs.

III. The appellees contend that the intervenor had no claim to the money in question, for the reason that the mortgage was merged in the decree. It may be conceded that, after the decree was rendered, no action could have been maintained on the mortgage as between the parties to the decree. But the effect of the decree was to set aside, and in a manner appropriate, the mortgaged property to the payment of the debt which was ascertained and fixed by the decree. That did not release any of the mortgaged property but authorized the intervenor to enforce its claim against it, including income and issues of the business of the defendant, and the demands for money which grew out of it. The money owing to the defendant by the garnishees was for coal which had been

3. ——: foreclosure: merger.

mortgaged to the intervenor, and which had been appropriated by the decree for the payment of the mortgage debt. The coal was sold after the decree of foreclosure was rendered, but before execution to enforce it was issued. That the intervenor had an equitable claim upon the money due for the coal, which was superior to the right acquired by the plaintiffs through their garnishment, is clear.

By agreement of parties this cause was tried as in equity, and the district court had ample power to enforce, by a suitable decree, the equitable right of the intervenor to the money in question. A decree requiring the money which was paid into the district court for the benefit of the plaintiffs to be applied on the judgment of the intervenor against the defendant will be entered in this court. The decree of the district court, so far as it is involved in this appeal, is REVERSED.