J. P. MOUNTAIN v. W. H. LOW *et al.,* Appellants.

107   403
118    25
107   403
136   496

**Appeal:** WAIVER. Where a decree for plaintiff provided for deposit of a deed and for certain payments within thirty days, as a condition to the relief sought, which included the establishment of 1 a judgment lien in his favor, by complying with the conditions of the decree, and taking out an execution on the judgment, he did not waive his right to appeal as to the costs.

PRAYER: *Costs.* One who held land as security for a debt was induced by fraud against himself and debtor to deed the land to a third party, who deeded to another, who was also a party to the 2 fraud. He sued them, and secured a decree setting aside the deeds, subjecting the land to his claim, and awarding foreclosure. *Held,* that, except as to the foreclosure, he was entitled to costs against the fraudulent defendants under a prayer for general relief and costs.

*Appeal from Audubon District Court.*—HON. N. W. MACY, Judge.

SATURDAY, JANUARY 28, 1899.

PRIOR to 1890, defendant Charles Wilkins was the owner of two hundred and forty acres of land in Audubon county, Iowa. Wilkins was indebted to different parties,

and the plaintiff was surety for him. In 1890, to secure plaintiff from loss because of such obligations, Wilkins deeded to plaintiff the two hundred and forty acres of land mentioned, to be held as security only. At the time of entering the decree in this case in the district court, the amount of such indebtedness was six thousand and twenty-four dollars and eighty-eight cents. In 1891, plaintiff and his wife, at the instance of Wilkins, made to the German Savings Bank of Davenport a mortgage on said land for three thousand five hundred dollars, the proceeds thereof going to Wilkins. Thereafter, and about February, 1895, Wilkins negotiated with defendant Phillips an exchange of the Audubon county lands for three hundred and twenty acres of land in Colorado, subject to the savings bank loan; and the plaintiff agreed thereto, and made to Phillips a deed to the Audubon lands, and received one for the Colorado land, to be held by him as security for Wilkins, in lieu of the Audubon lands. The petition charges that Phillips and one Low conspired together to cheat and defraud Wilkins and the plaintiff, and, by misrepresentation and connivance, led Wilkins and plaintiff to believe the land in Colorado was worth five thousand five hundred dollars, whereas, in truth, said land was practically of no value. It also appears that Phillips has since conveyed the Audubon county lands to the defendant Low. This action is brought to set aside the deed to the Audubon county lands, and to foreclose plaintiff's mortgage thereon as against defendant Wilkins. The answer puts in issue the averments as to fraud, and all facts specifically relied upon as grounds for a rescission of the contract of sale. The plaintiff offered to restore all property received, including a deed for the Colorado land, and to preserve defendant from prejudice because of the rescission. The district court gave judgment for plaintiff, and the defendants Phillips and Low appealed.—*Modified* and *Affirmed.*

*Swan & Bruce* and *Nash, Phelps & Mosier* for appel-lants.

*Theo. F. Meyers, F. E. Brainard,* and *Wm. Wonn* for appellee.

Granger, J.—I. On defendants' appeal, there is simply a question of fact, as to the fraud relied on to set aside the conveyance. Without a doubt, it is abundantly established; and the decree of the court, in setting the sale aside, accords with law and justice.

II. Plaintiff appealed from the judgment for costs, as entered, for the reason that it does not give him a personal judgment for costs against both Phillips and Low. Defendants move to dismiss plaintiff's appeal, and assign as reasons therefor that the plaintiff has waived his right of appeal by accepting the benefits of the judgment, in that he performed the judgment on his part by making and depositing a deed to the Colorado lands, and paying to the clerk certain amounts specified in the decree, and made necessary thereby before he was entitled to have his lien re-established on the Audubon county lands, and that he had taken a special execution for the enforcement of his judgment against the Audubon county lands. The decree in favor of plaintiff was conditioned upon his making such a deed, and also such deposits of money, within 30 days; and, in default thereof, the release sought by plaintiff was to stand denied, and the title to the land was to be confirmed in defendant Low. The acts charged as a performance of the judgment by plaintiff were done to preserve the decree entered in his favor. It further appears that, before defendants took their appeal, plaintiff took a special execution to enforce the judgment against the Audubon county lands, but that, on the appeal being taken, and a *supersedeas* bond filed, which in legal effect arrested the operation of the execution, nothing further was done in pursuance of it. It

does not require argument to show that, as to the things to be done to make the decree in favor of plaintiff operative, and avoid a decree against him, he might perform the judgment, and not defeat a right of appeal from a part of the judgment, that, however the appeal might be determined, it would not affect the judgment performed. As to the taking of the execution, we think the case comes within the rule of *Hornish v. Peck,* 53 Iowa, 157. This case, in this respect, is within the reasoning in *Dudman v. Earl,* 49 Iowa, 37. No determination of the question on appeal could affect the judgment in his favor, and by the appeal he might have a more favorable judgment. No attempt to enforce the judgment followed the appeal by defendant. The motion to dismiss the appeal is overruled.

III. The judgment is simply silent as to costs in the district court, other than that in the judgment of foreclosure there is a provision establishing the lien of plaintiffs for six thousand and twenty-four dollars and eighty-eight cents, and for costs and accruing costs, and that special execution issue to satisfy the lien and costs and accruing costs. That there should be a personal judgment against defendants Phillips and Low for costs, other than such as pertain exclusively to the foreclosure against Wilkins, there is not room for doubt. The costs of foreclosure, up to the entry of the decree below, pertaining exclusively to the action against Wilkins, were practically nominal, as Wilkins made no defense. Costs to follow the decree, in its enforcement against Wilkins, should not be recovered from defendants Phillips and Low. There is a claim that plaintiff, in his prayer for judgment, does not ask for costs against Phillips or Low, except in the event that a sufficient title to the Audubon county land cannot be procured; but that is a mistake. After the part of the prayer referred to, is a general one for relief and costs. We are impressed that the failure to enter judgment for costs was a mere inadvertence. There should be a judgment for costs as above indicated,

and, with such a modification, the judgment of the district court will stand AFFIRMED.