## UNITED STATES v. FOOSHEE et al.

(Circuit Court of Appeals, Eighth Circuit. June 14, 1915.)

### No. 4382.

INDIANS ☞15—ALIENATION OF LANDS—VALIDITY.

Act April 26, 1906, c. 1876, § 22, 34 Stat. 145, provides that conveyances of land by the heirs of deceased Indians of the Choctaw and certain other tribes shall be subject to the approval of the Secretary of the Interior. F., an enrolled Choctaw Indian, devised land patented to him to D., who was an heir of F. and would have taken by descent an interest in the land had F. died intestate, but it did not appear that she was the only heir of F. Held, that a conveyance by D. without the approval of the Secre-tary of the Interior was valid, since, while an heir will take by descent rather than devise where the same estate that he would take by descent is devised to him, it did not appear that D. would have taken by descent the entire interest in the land given her by the will.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 17, 29, 34, 37–44; Dec. Dig. ☞15.]

Appeal from the District Court of the United States for the East-ern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by the United States against George A. Fooshee and another. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Archibald Bonds, of Muskogee, Okl. (D. H. Linebaugh and W. P. Z. German, both of Muskogee, Okl., on the brief), for appellant.

S. W. Hayes, of Oklahoma City, Okl. (George A. Fooshee and D. D. Brunson, both of Coalgate, Okl., and E. C. Motter and J. B. Furry, both of Muskogee, Okl., on the brief), for appellees.

Before ADAMS, Circuit Judge, and TRIEBER and REED, District Judges.

ADAMS, Circuit Judge. This suit was instituted by the United States in its capacity as guardian and trustee for the Choctaw Indians against George A. Fooshee and D. D. Brunson to cancel a certain con-veyance made without the approval of the Secretary of the Interior to them by one Silvy Bond, a full-blood Choctaw Indian, of the follow-ing tract of land, to wit: The S. ½ of N. W. ¼ of N. E. ¼; S. ½ of N. E. ¼ of section 32, township 2 N., range 9 E.; and E. ½ of S. E. ¼ of section 1, township 2 N., range 9 E.

The facts of the case are these: John Frazier was a full-blood Choctaw Indian duly enrolled as such. On October 27, 1906, patents

were duly issued conveying to him the land in question. He died prior to April 8, 1907. At the time of his death he was over the age of 21 years. He left neither father, mother, wife, nor children surviving him. On January 17, 1907, he made his last will'and testament, whereby he devised and bequeathed all of his property of every kind and description to his aunt Silvy Bond. Silvy Bond was a full-blood Choctaw Indian and duly enrolled on the rolls of that tribe. After the death of John Frazier, his will was duly probated. Defendants claim that by virtue of the will and its probate Silvy Bond became upon the death of John Frazier the owner of the entire legal and equitable title in and to the real estate in question. On April 15, 1907, Silvy Bond by warranty deed duly executed and acknowledged conveyed the land to the defendants George A. Fooshee and D. D. Brunson.

The foregoing are the facts as they appear in the bill and answer, and the cause was submitted to the District Court on the pleadings together with the following facts which were agreed to, namely:

"That the will of John Frazier and the order probating it are regular and valid; that Silvy Bond was an heir of John Frazier and would have taken by descent an interest in this land had John Frazier died intestate."

The court below dismissed the bill holding on the pleadings and agreed facts that Silvy Bond, as devisee under the will of John Frazier, had the power to alienate the land by her conveyance made on April 15, 1907, without the approval of the Secretary of. the Interior.

From that decree the government appeals.

Under the Act of April 26, 1906 (34 Stat. 137), John Frazier had the capacity to devise his property by will, and the government in its brief states the proposition of law upon which it relies as follows:

"Where a will devises to the heir at law precisely the same estate that he would take by descent, his title by descent will have preference to his title by devise and the beneficiary will take by descent and not by devise."

This is undoubtedly the law. 4 Kent, Com. *506; Davidson v. Koehler, 76 Ind. 398; Ellis v. Page, 7 Cush. (Mass.) 161, and cases cited. The contention of the government is that Silvy Bond took by descent the same estate as was devised to her by the terms of the will; that the will therefore was inoperative, and her only title was by descent, as the heir of John Frazier; and that, as a result, her conveyance to the defendants without the approval of the Secretary of the Interior was by virtue of the Act of April 26, 1906, § 22 (34 Stat. 137), void. Is this correct? Does it appear that Silvy Bond would have taken precisely the same estate by descent from John Frazier as she secured by the will? The record discloses that upon the hearing of the case below it was agreed that Silvy Bond was an heir of John Frazier and would have taken by descent an interest in this land had John Frazier died intestate. There is no showing as to how many other heirs John Frazier left, and as a necessary result there is no showing that Silvy Bond would have taken by descent the entire interest in the land in controversy which is what she did secure by the will. She was therefore not brought within the rule in-

voked by the government's counsel, and the conveyance by her to the defendants Fooshee and Brunson was valid.

The decree of the District Court dismissing the bill as to these defendants is therefore affirmed.