### TAYLOR v. JOHNSON.

No. 10907—Opinion Filed Sept. 18, 1923.

**Indians—Wills of Restricted Full-Bloods—Allotments—Estate Conveyed.**

Where a full-blood Choctaw restricted Indian makes a will in compliance with act of Congress of April 26, 1906, and as amended by act of May 27, 1908, providing for the payment of his debts and devising to his wife, who is his only heir, a part of his allotted lands and a part to his nephew, and after his death the will is probated and the wife sells the land willed to her without the approval of the county court having jurisdiction of administering the estate, and afterwards brings an action to cancel the deed and quiet title on the ground that the will is void because the estate therein passed is the same particular estate she would have taken by inheritance according to the rule of the common law (volume 4, Kent's Commentaries, section 506), and the deed is void because not approved by the county court having jurisdiction for such purpose, held, the Indian's estate and his right to dispose of same is regulated by acts of Congress and not governed by rule

of the common law, and the estate conveyed by will is not the same particular estate in quantity and quality as an estate of inheritance and not within the rule of the common law.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McCurtain County; Chas. G. Watts, Judge.

Action by Tama Taylor against S. E. Johnson. Judgment for defendant, and plaintiff brings error. Affirmed.

J. Allen Andrews, for plaintiff in error.

Ledbetter & Hudson, for defendant in error.

Opinion by THREADGILL, C. This case involves the validity of a deed from a full-blood Indian woman to the defendant in error, based upon a will made by a full-blood Choctaw restricted Indian, devising and bequeathing a part of his allotted lands to his wife and only heir and a part to his nephew. The cause was tried to the district court of McCurtain county, Okla., on the 17th day of February, 1919, on the following agreed statement of facts:

"For the purpose of prosecuting this case to the court for trial, it is hereby stipulated and agreed by and between the plaintiff and defendant herein that the following statement of facts constitute all the questions of fact involved in this action.

"(1) That Ellis Taylor was a full-blood Choctaw Indian, and duly enrolled as such upon the approved rolls of said Tribe; that upon the 25th day of February, 1918, the said Ellis Taylor departed this life, testate, in McCurtain county. Okla., and that the said Ellis Taylor died seized of the lands in controversy; that the said Ellis Taylor by his last will and testament devised to Tama Taylor, the plaintiff herein, the lands described in plaintiff's petition which said lands constituted a part and were the homestead land of said Ellis Taylor, deceased; that said Ellis Taylor by last will and testament, also devised to George Austin, nephew, certain lands and tenements together with other property, as described in the answer of defendant herein which also constituted a part of the allotment of said Ellis Taylor. That Tama Taylor was a full-blood Choctaw Indian, duly enrolled as such.

"(2) That said last will and testament above mentioned was duly and regularly admitted to probate by the county court, of McCurtain county, Okla., that the proceedings had in the matter of the probation of the above mentioned will of said Ellis Taylor, were in all respects legal, regular and valid.

"(3) That the county court of McCurtain county, Okla., had jurisdiction over the settlement of the said Ellis Taylor's estate.

"(4) That said last will and testament of Ellis Taylor, above mentioned, was by the county judge of McCurtain county, Okla., duly and regularly approved as the last will and testament of Ellis Taylor, during the life of said Ellis Taylor, as provided by Acts of Congress.

"(5) That said Tama Taylor, the plaintiff herein, for a good and valuable consideration after the probate of said will, made, executed, and acknowledged and delivered to S. E. Johnson, defendant herein, her certain warranty deed, in writing, whereby she conveyed to said S. E. Johnson all of the property described in plaintiff's petition and involved in this action. That said deed is properly of record; that said deed was not approved by the county judge of McCurtain county, Okla. That said S. E. Johnson is now in possession of said property sued for.

"(6) That Ellis Taylor at the time of his death left Tama Taylor, his wife, surviving him, and that said Tama Taylor was his sole and only heir to law.'

The plaintiff in error contended that the will was void as to Tama Taylor for the reason that she took the identical estate under the will that she would have taken without the will and that her interest in the land was an estate of inheritance and not an estate by purchase, and that the deed made to S. E. Johnson, defendant in error, was void because it was not approved by the county court having jurisdiction of the administration of the estate of Ellis Taylor, deceased.

The defendant in error contended that the will was valid and that the interest of Tama Taylor, the devisee, was an estate by purchase and free from all restrictions. and the deed by her conveying the title to the defendant in error was valid without the approval of the county court.

The court rendered judgment in favor of the defendant and the plaintiff appeals, asking for a reversal, raising only one question and urging only one proposition, set out and stated in her brief, as follows:

"In view of the stipulation of facts as above set out, the only question for this court to decide is the question of law which is more clearly set out in volume 4 of Kent's Commentaries, at section 506:

"'A devise to the heir at law is void if it gives precisely the same estate that the heir would take by descent, if the particular devise to him was omitted out of the will.'"

The application of this rule to the case of Indians of the Five Civilized Tribes, so far as the writer of this opinion is advised, has been asked for in but one case before this—United States v. Fooshee and Brunson, 225 Fed. 521. The court in that case approved the rule but denied its application on the ground that the facts did not bring the cause within the rule. In the instant case, Ellis Taylor was a full-blood restricted Choctaw Indian and had no heirs except his wife, Tama Taylor; he made a will devising and bequeathing to his wife his homestead allotment and to his nephew, George Austin, his surplus allotment. If he had not made the will his wife would have inherited both allotments and without the incumbrance of debts, or contracts, except rental and lease contracts, but subject to approval of the county judge in case she sold the land. Under the will she is entitled to only a part of the lands free from all restrictions but subject to the debts of the testator. These two conditions might make a great deal of difference in the character of the estate. Under the will the debts might take all or the greater part of the estate and the devisee would have only that part of the estate left after the debts were paid and the creditors satisfied, whereas, by inheritance the creditors would take no part of the estate, but she could not sell her interest without the approval of the county judge. In these respects the Indian's estate is unlike estates known to the common law.

The alienation of the lands of the full-blood Indian is regulated exclusively by the acts of Congress. The Indian could not make a will disposing of his land until Congress passed the act of April 26, 1906, section 23, and as amended by section 9 of act of May 27, 1908, which reads as follows:

"Every person of lawful age and sound mind may by a last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: Provided. that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parents, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States Commissioner, (and as amended) or judge of a county court of the state of Oklahoma."

These limitations of the full-blood Indian and the authority of Congress to legislate for him and his lands have been recognized by this court in many cases. Brook v. Keifer, 59 Okla. 5, 157 Pac. 91; Walker et al.

v. Brown, 43 Okla. 144, 141 Pac 681; In re Allen's Will, 44 Okla. 392, 144 Pac. 1055; Bill v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334; F. B. Collins Investment Co. v, Beard, 46 Okla. 310, 143 Pac. 846.

The term "estate," generally speaking, has two meanings. Objectively, it means the property itself, and subjectively, it means the extent of one's right to ownership, possession, and control of the property.

As defined in Words and Phrases, Second Series, p. 328:

"The term 'estate,' as descriptive of rights in property, signifies the quantity of interest which a person has from absolute ownership down to naked possession, and, as between vendor and vendee of real property, the term may be defined to be an interest in real property, which confers the right to a full and complete or to a limited beneficial use of the property itself, while the title is the means whereby the owner of lands has the just possession of his property and may be said to be the evidence of the right." State ex rel. Dillman v. Weide, 29 S. D. 109, 135 N. W. 696, 701.

In Pope's Legal Definitions:

"The word 'estate' is used with a variety of meanings. its primary and technical sense referring only to an interest in land, and such is its meaning under the common-law definition of possibility of reverter."— Citing North v. Graham 85. N. E. 267, 270, 235 Ill. 178, 19 L. R. A. (N. S.) 624, 126 Am. St. Rep. 189, citing 16 Cyc., page 599.

The title, estate, and control of the land in controversy was in the sovereign, the United States, and by the Dancing Rabbit Creek Treaty of 1830, and acts of Congress, this title and estate were vested in the Choctaw Nation of Indians to be held by them so long, "as grass grows, and water flows," and by the Atoka Agreement and Supplemental Agreement and acts of Congress, the right, title, and interest of the Indian tribe, as an ancestral estate, were vested in Ellis Taylor, as evidenced by his patent to the land. He was endowed with the absolute ownership and possession of the land but his control over the same was limited by certain restrictions on his right to convey or incumber the same, and in case of his death all his rights in the land passed to his heirs, free from the restrictions imposed and from debt and from incumbrances of any character, except valid lease contracts, and free from taxation, and by the act of Congress of April 26, 1906, and as amended by the act of May 27, 1908, the heir was given the right to sell the inherited interest subject to the approval of the county court having jurisdiction of the ad-

ministration of the decedent's estate, also by the last two acts mentioned, the allottee was given the right to change the character of his estate, by making a will, from an estate of inheritance to an estate by purchase, in case of his death. In his will he could provide for the payment of his debts and incumber the land for that purpose, which he could not do without the will; and in the will made by Ellis Taylor he provided for the payment of his debts and to what extent this reduced the quantity and quality of interest Tama Taylor, the devisee, had in the estate the record does not disclose. Under the will the devisee took the land that fell to her part free of all restrictions and free of the restrictions providing for the county judge's approval, in case of sale, but subject to the interest of the creditors of the decedent and the burdens of taxation. It is very clear that the quantity and the quality of her estate in this land as a devisee under the will was very different from her estate by inheritance. There is no such distinction in the common law or statute laws of this state. The Indiana statute seems to be somewhat similar, and in discussing the same principle in the case of Dillman v. Fulwider, 105 N. E. 124, page 127, it is said:

"It therefore follows that while said widow under said will took an estate in fee in real estate, she took it subject to a power lodged in the executors to completely change its nature. Such conditional limitation on said estate cannot be ignored in determining the quality of the estate vested in her by said will. Under the statutes of descent, she was entitled to an estate in lands, which she would hold under said proviso as lands, while under the will she took an estate in lands, of which she not only might be, but also actually was, divested by the exercise of a power lodged in another and beyond her control. In the one case she had a right to take and hold real estate, as real estate, while in the other case, said power being exercised, she was required to take personal property in the form of money. Viewing, as a whole, the allegations of the complaint on the subject of the contents of the will, it seems apparent that the provision made for said widow by said will is not the same as the interest that she would otherwise have taken under the statutes of descent, and that the court did not err in sustaining said demurrer."

It was under the authority of Congress that Ellis Taylor, deceased, had a right to change the character of the estate to be passed on to his heir, Tama Taylor, from one of inheritance to one by purchase, and it is not within the power of state law or

the common law to deprive him of this right or the heir of the result of his act and she, therefore, had the right and title of this land by purchase and not inheritance; and when she sold it to S. E. Johnson, defendant in error, for a valuable consideration it was not necessary for the county judge of McCurtain county to approve the deed of conveyance.

In La Motte v. United States, 245 U. S. 570, 65 L. Ed. 410, it was said:

"Two leases, not approved by the Secretary, are for lands which passed to devisees under wills approved by that officer and duly admitted to probate. Both testators were adult members of the tribe, not mentally incompetent. One was an allottee and the other the sole heir of a deceased allottee. In their hands the lands were restricted. The defendants insist that, under the approved title, the lands passed to the devisees freed from the restrictions. If so, the leases did not require the Secretary's approval. Both courts held that the lands continued to be restricted. The question is not free from difficulty, but we think it must be ruled the other way. Strictly speaking, a devisee takes under the will as an instrument of conveyance, and not by descent as an heir. This form of alienation was within the restriction imposed by the Act of 1906 (Taylor v. Parker, 235 U. S. 12, 59 L. Ed. 121, 35 Sup. Ct. Rep. 22." Yarhola v. Duling, 86 Okla. 171, 207 Pac. 293.

We conclude that the facts in this case are not sufficient to bring it within the rule of volume 4, Kent's Commentaries, section 506, relied upon by plaintiff in error for a reversal, and we must hold that the land in controversy passed to Tama Taylor under the will and not by inheritance and when she sold it to defendant in error by deed it was not necessary for the county judge to approve the conveyance.

The judgment of the court below is affirmed.

By the Court: It is so ordered.