ELLEN L. DEVER, Appellee, v. FREDERICK W. TURNER et al., Appellants.

**CONVERSION:** Equitable Conversion—Reconversion. Real estate
1  which has once been theoretically converted into personal property *ipso facto* by the terms of a will (which directed that the property be sold and the proceeds divided) is not necessarily reconverted into real estate by the institution of partition proceedings for a sale of the land and a division of the proceeds, nor by an agreement in such proceedings, signed by the attorney of an heir whose interest was involved, to the effect that the land should be sold and the ''interest'' of such heir be held to abide the determination of such interest. (See Book of Anno., Vol. 1, Sec. 11846, Anno. 308 *et seq.*)

**HOMESTEAD:** Right of Surviving Children. Principle reaffirmed that
2  a homestead passing to the children of an intestate and spouseless owner is exempt from all antecedent debts of such children.

Headnote 1:  13 C. J. p. 887.  Headnote 2:  29 C. J. p. 1018.

*Appeal from Johnson District Court.*—RALPH OTTO, Judge.

NOVEMBER 17, 1925.

THIS proceeding was brought as an ordinary partition suit by one of four heirs. The other three heirs were named as defendants; likewise Villhauer, a judgment-creditor of Clara Watkins', one of the heirs. Pursuant to stipulation, decree was entered, and a referee appointed to sell the land and to pay into court one fourth of the proceeds of the sale, as being the share of Clara Watkins. Such was the procedure followed by the referee. Subsequently, Clara Watkins, for a good consideration, assigned her interest to her three children, who thereafter claimed the fund. The trial court awarded the fund to Vill-

hauer, the judgment-creditor of Clara Watkins, and her assignees appealed.—*Reversed.*

*W. F. Murphy,* for appellants.

*Ray Yenter,* for appellee.

EVANS, J.—I. The property involved in the partition suit was the former homestead of John and Elizabeth Turner, the former of whom held the legal title thereto.  John died testate

1. CONVERSION:
equitable con-
version: recon-
version.

in 1904, survived by his wife, Elizabeth, and by his four children, parties hereto.  The property in question comprised Lots No. 3 and No. 4 in a certain Block No. 1 in Iowa City, and had an area of less than one-half acre.

The will of John Turner contained the following:

"I give to my said wife Lot four (4), in Block one (1) situated in Page's Addition to Iowa City, Iowa, absolutely, for her sole use and benefit.  I give to my said wife Lot Three (3), in Block One (1) Page's Addition to Iowa City, Iowa, being the lot on which my house and outbuildings are standing on the terms as hereinafter expressed, viz.: That my said wife shall have the sole right and use of said house and outbuildings and lot on which the same are situated until her death—or as long as she remains my widow. * * * Should my said wife remain my widow, after her death I direct the above house and lot to be converted into money and that my said four children shall share equally the proceeds of such sale."

The widow continued her occupancy of both lots as her homestead up until the time of her death, in 1918.  The widow was named as executrix in the will.  Whether she ever acted as such, or was appointed by the court as such, does not appear in the record.  Except as above set forth, she was the sole beneficiary in the will, and there was little occasion for formal action on her part.  In 1912, Villhauer obtained a judgment against Clara Watkins for approximately $300.  The proceeds in controversy are of the same approximate amount.  In August, 1920, the plaintiff, as one of the heirs, brought this suit.  Her petition averred the ownership of the property by the four heirs; it averred that the property could not properly be divided in kind,

and prayed that it be sold and the proceeds divided; it averred also that Villhauer claimed some interest in the property, but that in truth he had no interest therein; and it prayed that he be barred from claiming any. Such was the petition. Villhauer appeared to the action, but filed no pleading. Clara Watkins did likewise. Each of these parties was represented by counsel. In November, 1920, such counsel entered into the following stipulation on behalf of their respective clients:

"It is hereby stipulated and agreed by and between plaintiff and * * * M. Villhauer * * * and Clara A. Watkins that consent is hereby given that judgment shall be entered establishing and confirming the interest of * * * Clara A. Watkins as the one-fourth interest in said property as described in said petition * * * that said property shall be sold by referee and that the proceeds thereof shall be divided into four equal parts * * * and one fourth thereof, being the share of Clara A. Watkins, shall be paid to the clerk of the district court, to be held by him subject to any orders of the court because of certain claimed judgments now of record against her as shown in the records of the clerk of the district court of Johnson County, Iowa, dated November 27, 1920. Signed * * * Wilson, Evans & McClain for Clara A. Watkins, G. W. Ball, Atty., for M. Villhauer. * * *"

Pursuant to this stipulation, the court entered a decree, and appointed a referee to sell. Three years later, and in September, 1923, the referee filed his report, and paid into court one fourth of the proceeds of the sale, as representing the interest of Clara Watkins. In the meantime, and in May, 1922, Clara Watkins had assigned her interest, as before stated, to her three children, who thereafter claimed the same.

The pivotal point in dispute is whether Villhauer's judgment ever became a lien upon the interest of Clara Watkins at any time prior to May, 1922, when the assignment was made to her children. No attack is made upon the validity of the assignment. The claim is that Villhauer had a prior lien. The nature of the controversy differs somewhat in its application to the two lots, No. 3 and No. 4. We shall consider first, therefore, the question of right as applied to Lot No. 3. The contention for appellants is that the will of John Turner worked an equitable conversion of Lot No. 3, whereby the interest of Clara Watkins

therein became personalty, and not realty. If this be so, then the judgment did not become a lien upon it. That the 'will of John Turner did work an equitable conversion of Lot No. 3 is quite settled, under our previous cases. *Beaver v. Ross,* 140 Iowa 154. If this were all, there would be no question as to the right of appellants to prevail.

But the appellee contends that the maintenance of the partition suit and the stipulation filed therein and the decree entered pursuant thereto worked a reconversion of the property into realty, and that thereby the judgment attached as a lien thereto.          ·

It is well settled that an equitable conversion of realty into personalty may be avoided and in effect set aside and a reconversion into land be accomplished by the joint consent of all the parties in interest, if they be *sui juris,* and if no trust intervenes.

The question presented is, therefore, whether the proceedings already stated shall be deemed sufficient proof of the agreement or consent of the four heirs to a reconversion of the subject-matter of the will into land. Manifestly, there was no reconversion prior to the bringing of the partition suit. Manifestly, also, the plaintiff, as one of the heirs, could not by her own allegations work such reconversion. For this reason, reliance is placed upon the stipulation. This stipulation in terms recognized "the interest of Clara Watkins as the *one-fourth interest in* said property as described in said petition." The essence of the agreement was "that said property shall be sold by the referee and the proceeds thereof divided into four equal parts."

If the stipulation in its terms were otherwise sufficient as an agreement of reconversion, it was still insufficient for that purpose, in that it was signed only by the attorneys of the judgment-creditor, and the debtor, Clara Watkins. Whereas it was requisite that such an agreement should be signed by *all* the heirs, this was in fact signed by none of them. *Norris v. Loyd,* 183 Iowa 1056. If the position of the appellee can be sustained, it must be upon the theory that the proceeding by partition suit, and taking decree therein, amounted of necessity to a reconversion. That the bringing of such a suit by one heir and acquiescence therein by the others would tend to show an intentional

reconversion into land, is to be conceded. But we do not think that such was its necessary effect, or that the proceeding was necessarily conclusive upon Clara Watkins in that respect. It must be observed that the procedure adopted and the relief prayed were strictly consistent with the spirit and purpose of the will. The will had directed that the property be sold and the proceeds divided. It made no provision as to the method by which this should be done. Though the widow was named as executrix, the duty could not devolve upon her to execute the will in this respect after her death. The method adopted by the plaintiff in the suit for the conversion of the property into money was a practical compliance with the provisions of the will, though not technically such. No heir indicated any purpose to retain the land as land. It involves an inconsistency to say that the institution of the partition suit necessarily worked a reconversion into land, when the petition indicated a contrary purpose and prayed for an actual conversion into money. When it is further considered that the stipulation relied on did not purport to settle or adjust any of the ultimate rights of the parties, but rather to maintain the *status quo,* without prejudice to either party as to such ultimate rights, it becomes still more difficult to find a reconversion. The judgment lien was under challenge. Neither party purported to waive any right as to its ultimate merit. The stipulation described the interest of Clara Watkins in indefinite terms "as the one-fourth *interest* in said property." Such description was fairly applicable to her interest, whether it be deemed realty or personalty. Which it was, was the very question in dispute. The evident purpose of the stipulation was to postpone the date of argument and of decision without prejudice, and we should not lightly construe it as a complete surrender of her claim.

We reach the conclusion that, under the peculiar facts of this case, it cannot fairly be said that the attempt of the plaintiff herein to convert this property into money necessarily, as a matter of law, worked a reconversion of it into land. It follows that the judgment of the appellee was not a lien upon the interest of Clara Watkins at any time prior to May, 1922, when the assignees acquired the interest of their mother.

II. Our foregoing conclusion becomes quite influential

upon the respective rights of the parties as to Lot No. 4. This lot was without question a part of the homestead of Elizabeth, up to the time of her death. She died intestate.

2. HOMESTEAD: right of surviving children. As a part of her homestead, it passed to her issue, exempt from her debts and from antecedent debts of their own. Section 2985, Code of 1897.

The decree below must, accordingly, be reversed.—*Reversed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.