ELMER LUGLAN, Appellant, v. ISABELLE LENNING, Appellee.

ELMER LUGLAN, Appellant, v. O. J. BERVEN et al., Appellees.

No. 40817.

DECEMBER 16, 1931.

REHEARING DENIED APRIL 8, 1932.

Martin & Alexander and James L. Cameron, for appellant.

F. J. Lund, for appellee.

ALBERT, J.—Plaintiff originally brought two suits, one against Isabel Lenning and the other against O. J. and Olene Berven. The Lenning suit was based on a promissory note for $5,759.69, and the Berven suit was on two promissory notes, one for $3,240.00 and the other for $1,370.00. Attachment was issued in each case and the 80 acres in controversy were duly levied on. Answers were filed by the respective defendants in the case, and each defendant claimed that the west 40 of the 80 acres in controversy carried a homestead right by reason of the fact that title thereto was originally in Jacob A. Berven, who died testate in the year 1927, leaving no spouse. His will was admitted to probate on November 23, 1927, and Isabella Lenning and O. J. Berven were children of the said Jacob A. Berven, and it is alleged they took their respective shares in said 80 acres protected by the statutory homestead right.

The cases were consolidated and tried on the same record, and by agreement of the parties, were transferred to equity. The defendants in both cases confessed liability on the respective notes, and in effect conceded that the east 40 of the 80 acres was subject to attachment, but contended that the west 40 could not be held under the attachment.

The decree entered by the court in each case was in the usual form of a judgment for the amount due, and held that the plaintiff was entitled to recover on the respective notes, and the attachment was good on the east 40-acre tract and not on

the west 40, and provided for special execution and sale of the said east 40-acre tract. The record shows that sale was had under the special execution, and the plaintiff bid in the east 40, bidding $1,500.00 on each execution sale. At this point in the case we are met with a motion to dismiss the appeal on the ground that plaintiff, having availed himself of the benefit of the respective judgments, is barred from further proceeding with his appeal. As supporting this contention the movant relies upon Reichelt v. Seal, 76 Iowa 275; Lombard v. Bush, 85 Iowa 718.

Neither of these cases is controlling under the facts we have in this case, because in each of these cases it appears that after the judgment was entered in the lower court, execution was issued and the judgment was satisfied. In the instant case neither judgment was satisfied by the execution sale.

It will be noticed that the only question actually litigated in the lower court was whether or not this west 40-acre tract was subject to attachment for the payment of these respective debts, and that is the only question raised by the appellant herein.

In the case of In re Estate of Youngerman, 136 Iowa 488, l. c. 496, it was alleged that the claimant was to receive certain annual payments for his education either under a will or under a contract. The court held that the claimant was entitled to $500 which was due him, provided that the legitimate expenses for tuition, books and clothing for the ensuing year amounted to that sum. The claimant appealed, after having received the $500, and in this court a motion was made to dismiss the appeal on the ground that the appellant had accepted the benefits of this decree in his favor by receiving the $500 found to be due him, etc. We said:

"No question was raised by defendant as to appellant's right to recover that amount under the contract. There was no contention that the contract was ineffectual by reason of the will, nor that $500 was not due under the will, even though no contract had been made. The decree allowed $500 as due either under the will or under the contract, and there is no question on this appeal as to the right of appellant to receive that sum, and therefore by accepting the amount allowed in the decree appellant did not waive his right to have it determined by this court

whether he was entitled to more. Mountain v. Low, 107 Iowa 403; Dudman v. Earl, 49 Iowa 37; Upton Manufacturing Co. v. Huiske, 69 Iowa 557; Funk v. Mercantile Trust Co., 89 Iowa 264.''

The last expression of this court on this question will be found in Nickle v. Mann & Clute, 211 Iowa 906.

It is apparent, therefore, under the rule announced in the Youngerman case and the cases there cited, that the motion to dismiss this appeal must be overruled.

This case was tried on a stipulated record, under which it was agreed that Jacob A. Berven died testate, seized in fee simple of the south ½ of the southwest ¼ of section 12, township 86 N., Range 23 W. 5th P. M.; that he left no spouse surviving him, and left as his survivors seven children who were his sole and only heirs at law, among which children are the respective defendants herein. It was also agreed that Jacob A. Berven was at all of the times mentioned herein a citizen of the United States, the head of a family, and that he resided on said 80-acre tract of land for many years prior to his death, and was so occupying the same at the time of his death, and the occupancy and homestead rights of Jacob A. Berven originated prior to the date of the debts sued on herein.

The material part of the will of Jacob A. Berven is as follows:

''1st. * * * that the expenses of my last sickness and funeral, and all my just debts be paid.

''2d. After the foregoing paragraph has been complied with, then I give, devise and bequeath unto my seven children (naming them, and among whom are the respective defendants in these cases) all of the rest of my property real or personal and wherever found, share and share alike, except Amund Berven who has received $2,732.49 from me as evidenced by six notes for the following amounts (setting out the amounts). This should be deducted from his share, and except Isabella Jacobina (Berven) Lenning who has received $1300 from me as evidenced by a bond of $1,000 that I signed for her and her husband, Oliver Lenning, and two notes one for $250 and one for $50. These should be deducted from her share.

''3d. No change is to be made to the exceptions stated

above in the case of my son, Amund Berven, and my daughter, Isabella Lenning, unless all the other children agree to the same thing:

"4th. In regard to the 80 acres namely (describing it) which I made my home for many years while on earth; it is my wish that Gyda (Berven) Eike buy this real estate if possible, and then transfer it to my grandson, Everett Eike."

The fifth paragraph provides against contest or in any way making trouble or litigation on account of the provisions of the will, and directs that if any beneficiary do so, such person shall receive nothing under the provisions of the will.

The appellant states his position as follows:

"The sole and only question at issue in this appeal is the question as to whether or not under the will of Jacob A. Berven the property of the deceased descended to his children in the same amount and in the same proportions as though no will had been made and the property descended to them under the laws of descent. It is the well settled law in the state of Iowa that if under the will of a deceased the property is bequeathed to the devisees in the same manner and in the same proportions that such devisees would have received under the laws of descent, then and in that event it will be held that such property is acquired by the devisees under the worthier title of the law of descent, and that such devisees will therefore be held to have acquired their interest by descent and not by purchase; but if on the other hand the devisees take in a different manner or in different proportions under the will of the deceased, than they should have received under the laws of descent, they will be held to have acquired their interest by purchase, and in the latter event, the interest thus acquired is subject to levy by creditors," citing Rice v. Burkhart, 130 Iowa 520; Tennant v. Smith, 173 Iowa 264; Herring v. Herring, 187 Iowa 593; In re Will of Watenpaugh, 192 Iowa 1178; In re Estate of Davis, 204 Iowa 1231; In re Warren's Estate, 211 Iowa 940.

They simplify their position by saying that the question involved is whether these children took by descent or by purchase. If "by descent, the decision of the court setting aside the at-

tachment is correct. If by purchase, the court was in error in setting aside the attachment.''

All of the debts of the estate are paid, and there is a surplus of $1500.91 for distribution. The debts involved herein, therefore, are not those of the decedent, but those of the respective children who are the defendants in these actions. In the absence of a will, these children would take their respective shares (one-seventh) in the homestead free from their debts. Sections 10152 and 10153, Code, 1927. Hence their shares of the real estate would not be subject to the attachment in this case. Ringland v. Johnson, 177 Iowa 214; Dever v. Turner, 200 Iowa 926; Arispe Bank v. Werner, 201 Iowa 484. The question therefore is, if the children took under the will, would they be in the same position in relation to the property they would have been had they taken under the law?

Adverting to the terms of the will, we pass the first paragraph, which provides for the payment of the expenses.

The second paragraph provides that, subject to the first paragraph, all of his property should be divided among his seven children, share and share alike. So far, then, their share and their relation to the property would be the same under the law as under the will. The same paragraph of the will also provides, in effect, that certain debts were owing by certain of the beneficiaries under the will and that such indebtednesses were to be deducted from the respective shares of those beneficiaries. This can not affect their status because, if the indebtedness existed, under the law the debts would be deducted the same as they are under the terms of a will.

The third paragraph provides that no change should be made, with the exceptions stated in the case of Amund and Isabella, unless all of the other children agreed to the same. This would be the rule under the law as well as under a will.

The fourth paragraph expresses a wish that Gyda Eike buy this real estate if possible and transfer it to the grandson of the testator. This is purely a wish, and the words are precatory only, and have no force or effect in so far as the question under consideration is concerned.

The fifth paragraph provides:

''It is my will that should any of my children refuse to ac-

cept or take under the provisions of my said will, and should they contest the said will or file notice of contest or in any manner make any trouble or litigation on account of the provisions as stated in my said will, then it is my will and I hereby direct that such person who filed the contest or makes any trouble, or starts any litigation, shall receive nothing under the provisions of my will, and the share or shares going to such child or children shall absolutely be null and void and such interest as the said child or children had under the terms and provisions of the said will shall be distributed equally among the remainder of my children who do not join in said contest.''

In the case of In re Will of Watenpaugh, 192 Iowa 1178, we held that where the will gave an heir a larger share of the estate than he would take under the law, the heir would be held to take under the will, and not under the law. Under the rule in this case, the share taken by the heir must be ''exact'' as to quantity and quality in order to set in operation the worthier title rule. See In re Estate of Davis, 204 Iowa 1231.

What, if anything, is the difference between one of these heirs taking under the will or taking under the law? If he takes under the law, he takes the fee to one-seventh of this property. Just what is his status under the fifth paragraph of the will? It is one-seventh in fee, but under the very terms of the will this one-seventh may be increased if one or more of the other beneficiaries institute proceedings looking to a contest of the will. This added possibility of an increase of his share, we think, brings him within the rule laid down in the Watenpaugh and the Davis cases cited above, and the worthier title rule, therefore, does not operate in this case; and it is conceded that, if these children take under the will, then this 40-acre tract is subject to the attachment.

As above indicated, our conclusion is that Isabella Lenning and O. J. Berven take their interest in this estate under the will. The court, having reached the opposite conclusion, was in error.—Reversed.

FAVILLE, C. J., and STEVENS, DE GRAFF, WAGNER, EVANS, KINDIG, and GRIMM, JJ., concur.