BEAMER et al. v. ASHBY.

No. 33696. April 17, 1951.

Rehearing Denied May 22, 1951.

*231 P. 2d 668.*

V. E. Stinchcomb, Oklahoma City, for plaintiffs in error.

E. P. Ledbetter, Oklahoma City, for defendant in error.

HALLEY, J. Parties will be referred to as they appeared in the trial court.

Zora E. Brown died testate on October 16, 1943, without issue, leaving a surviving wife, Lulu L. Brown, who was sole beneficiary under his will. Lula L. Brown died on October 11, 1945. She left a will which left her entire estate (except one diamond ring) to her husband, who predeceased her. The will of Zora E. Brown was probated. The estate consisted of 40 acres of land. in Oklahoma county and approximately $8,000 in cash. This property was jointly acquired during coverture by Zora E. Brown and Lulu L. Brown. The plaintiffs were the sisters and brother, the sole surviving heirs of Zora E. Brown, and the defendant was the sister of Lulu L. Brown and her only heir.

At the death of Lulu L. Brown she was still possessed of the entire estate left her by her husband. This estate was probated and the diamond ring was distributed as provided by her will, and the remainder of the property went to the defendant as the sole heir at law of Lulu L. Brown under the laws of succession.

Plaintiffs sued in the district court and a motion by the defendant for judgment on the pleadings was sustained.

The plaintiffs bring this suit to recover one-half of the estate of Zora E. Brown, on the theory that the doctrine of "worthier title" (4 Kent's Commentaries, §506) applies in this case, and claim that Lulu L. Brown received no more under the will of Zora E. Brown than she would have taken under the law, and that thereby she took under the laws of succession rather than by will, and that on Lulu L. Brown's death they were entitled to half of the estate remaining, as heirs of Zora E. Brown.

They further contended that their failure to appeal from the decree of distribution in Zora E. Brown's estate, wherein all of the jointly-acquired property was given to the wife, and their failure to appeal from the decree of distribution in the wife's estate, giving the entire estate to her heirs, did not preclude them from asserting claim to an undivided one-half of such jointly-acquired property remaining undisposed of at the wife's death.

There is no question but that Zora E. Brown had the right to bequeath to his wife his share of the jointly-acquired property. 84 O.S. 1941 §§41, 44. In re Baker's Estate, 170 Okla. 595, 41 P. 2d 640.

We have not had occasion to adopt or reject the "worthier title" doctrine, and it is not necessary to do so in this case. In order for this rule to be applicable, the share or estate given by the will must be identical in quantity and quality to that given by law. Taylor v. Johnson, 92 Okla. 145, 218 P. 1095; Luglan v. Lenning, 214 Iowa 439, 239 N.W. 692; 26 C.J.S., Descent and Distribution, §44. Here we have the husband bequeathing to his wife all of the jointly-acquired property, which would not be subject at her death to any claims of his heirs, while if she had taken under the law, at her death one-half of the property jointly acquired during coverture would descend to his heirs. Royston v. Besett, 183 Okla. 643, 83 P. 2d 875. The estate received by the wife under the will was patently greater than what she would have received under the law. Since the bequest to her husband in Lulu L. Brown's will lapsed, her heirs would take at law, since no other testamentary disposition was made of the estate except as to the diamond ring, which descended as heretofore mentioned.

Inasmuch as we hold that the estate was properly distributed, it is unnecessary to discuss plaintiff's second proposition.

Judgment affirmed.